Mary A. URLAUB, Plaintiff and Appellant,

v.

Donald J. URLAUB, Defendant and Appellee.

Civ. No. 10568.

Supreme Court of North Dakota.

May 10, 1984.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for plaintiff and appellant; argued by Jesse Trentadue, Grand Forks.

Fleming & Dubois, Cavalier, for defendant and appellee; argued by Neil W. Fleming, Cavalier.

PEDERSON, Justice.

Mary Urlaub has appealed from the district court's property division and alimony award made after the remand ordered in *Urlaub v. Urlaub*, 325 N.W.2d 234 (N.D. 1982). We affirm.

In granting the divorce, dividing the property, and awarding alimony, the trial court did not find the parties' net worth. We were unable to determine if the alimony awarded Mary was in the nature of spousal support or property division. Because we were unaware of the net worth of the parties, we were unable to determine whether or not the property division awarding Mary the house and personal effects and Donald all of the other property was clearly erroneous. We affirmed in part, reversed in part, and remanded, 325 N.W.2d at 238:

"... for the purpose of determining the value of the real and personal property owned by the parties and for a redetermination of the matters relating to an equitable division of the property.

"The judgment of the trial court is affirmed with respect to the decree of divorce and the award of custody and child support. That portion of the judgment concerned with distribution of property and the award of alimony is reversed and the case is remanded for further proceedings consistent with this opinion...."

After remand, the trial court conducted further proceedings and assigned values to the assets and liabilities of the parties, stated that the alimony award to Mary was intended to be spousal support, and affirmed the distribution of property and awards of alimony and child support made in the original judgment.

Mary has raised as issues (1) whether or not she was deprived of a fair and impartial trial; (2) whether or not it was clearly erroneous and an abuse of discretion for the trial court to refuse to hold a new trial after remand, to deny discovery, to reject evidence acquired since the initial trial, and to value the marital estate as of the date of the initial trial; (3) whether or not the trial court's finding of the parties' net worth was clearly erroneous; and (4) whether or not the trial court properly applied the *Ruff-Fischer* guidelines.

■ We have examined the statements of the trial court relied upon by Mary as the basis of her assertion that the trial court displayed a hostile attitude indicating that it may have prejudged the issues, thereby depriving Mary of a fair and impartial trial, as well as the entire transcript of the proceedings held after remand.

The record indicates that the trial court strongly encouraged the parties to enter into a settlement because in the court's view, "when we consider the total amount of property and the income potential in this case, we really are not talking about that much money." It is apparent from the record, however, that the court's attempts to induce a settlement were as much directed toward Donald as they were to Mary, as is made plain by the following statement by the court:

"Now, as a possibility I could end up with exactly the same disposition I made of the property. But, Mr. Fleming [Donald's attorney], I don't think you are dealing from a position of complete strength in this case.... However you want to put it, it seems to me both of you people are at risk here when I take a further look at this case."

The first issue raised is without merit and warrants no further consideration.

The second issue raised reflects a fundamental misunderstanding of the remand we ordered in the previous appeal. The trial court considered the arguments of counsel at a hearing and in their briefs and the evidence of property values presented at trial. If we had intended to require a new trial on the property distribution and alimony aspects of the case, we would have said so. It was therefore neither clearly erroneous [1] nor an abuse of discretion for the trial court to refuse to grant a new trial. The same thing is true of the other matters encompassed within the second issue raised. We have considered Mary's argument that the court erred in determining the parties' net worth as of the time of the divorce rather than as of the time of the net worth determination after remand, and the cases cited. We are not persuaded that the court erred.

Mary next asserts that the trial court's finding of fact regarding the amount of the parties' net worth is clearly erroneous. The court found that Donald and Robert Urlaub's farming partnership had assets of $178,150; liabilities of $193,280; and a negative net worth of $15,130. The court found that Donald and Mary had assets of $110,900, including a residence valued at $12,000; farmland valued at $80,000; household goods valued at $3,000; funds of $400; and a one-half interest in a hog barn located on land owned by Robert Urlaub. The court valued the one-half interest in the hog barn at $15,500. The court found that Donald and Mary had liabilities of $90,565, which included a $21,500 debt to Robert Urlaub, loans, and Donald and Mary's share of the partnership's negative net worth. From these figures, the court found that Donald and Mary had a net worth of $20,335.

If we had been the initial trier of the case, we might have valued individual assets and liabilities somewhat differently than did the trial court, but the mere fact that we might have viewed the facts differently if we had tried the case does not entitle us to reverse the lower court. *Haberstroh v. Haberstroh*, 258 N.W.2d 669 (N.D.1977).

Each of the findings made as to the value of the assets and liabilities of the partnership and of Donald and Mary, as well as the ultimate finding of the parties' net worth is well within the range of evidence presented to the trial court.

"A finding is 'clearly erroneous' only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *In re Estate of Elmer*, 210 N.W.2d 815, 820 (N.D.1973).

The trial court's finding that Donald and Mary Urlaub had a net worth of $20,335 is not clearly erroneous under Rule 52(a), NDRCivP.

Mary next asserts that proper application of the *Ruff-Fischer* guidelines could not have resulted in her being left with "no property except a house of little value and her personal effects."

"... The *Ruff-Fischer* guidelines provide that in making an award pursuant to Section 14–05–24, N.D.C.C., the trial court may consider the respective ages of the parties to the marriage, their earning abilities, the duration of the marriage and the conduct of each during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at that time, its income producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. *Fischer v. Fischer*, 139 N.W.2d 845, 852 (N.D.1966); *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107, 111 (1952)." *Bender v. Bender*, 276 N.W.2d 695, 697 (N.D.1979).

---

1. The term "clearly erroneous" may have a generic connotation but in the light of Rule 52(a), NDRCivP, it would be advisable to restrict its usage to a challenge of a specific finding of fact.

We noted in the prior appeal that, because we were unaware of the parties' net worth, we were unable to determine whether or not the property division made was clearly erroneous. *Urlaub v. Urlaub*, 325 N.W.2d 234, 238 (N.D.1982). Now that we have been made aware of the parties' net worth, we are able to determine that the distribution made by the trial court is not clearly erroneous. Donald received the farmland, valued at $80,000, and all of the farm equipment. Mary received the house, valued at $12,000, and the household goods and personal effects. Donald was required to assume all encumbrances on the parties' real property, pay the family debts, provide medical insurance for Mary and the children and pay alimony and child support. Mary received property valued at over one-half of the parties' net worth free of encumbrances.

▪ Finally, Mary asserts that it was clearly erroneous and an abuse of discretion for the trial court to refuse Mary an award of attorney's fees, arguing that "[i]n view of the property distribution, refusal of attorney's fees is both unjust and erroneous." Mary has provided us with no citations to authority or supportive reasoning. Without more, this argument is without merit. Mary has not affirmatively established that the trial court abused its discretion in failing to award her attorney's fees. *See Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979), and cases cited therein.

The distribution of property and the award of alimony contained in the original divorce judgment and affirmed by the trial court after remand are affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.