NORTH SHORE, INC., Plaintiff
and Appellant

v.

Daniel V. WAKEFIELD; Luella M. Schafer; and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the complaint, Defendants and Appellees.

Civil No. 950278.

Supreme Court of North Dakota.

Jan. 30, 1996.

Murray G. Sagsveen of Zuger Kirmis & Smith, Bismarck, for plaintiff and appellant.

Joseph J. Cichy of Olson Cichy, Bismarck, for defendants and appellees.

LEVINE, Justice.

North Shore, Inc., appeals from an order denying its Rule 60(b), NDRCivP, motion for relief from judgment. We affirm.

The judgment at issue quieted title in certain land to Daniel V. Wakefield and Luella M. Schafer and awarded Wakefield and Schafer damages and costs. We affirmed the judgment in *North Shore, Inc. v. Wakefield*, 530 N.W.2d 297 (N.D.1995). The basic facts underlying this case are reported in that opinion and will be repeated only as necessary to resolve the issues raised in this appeal.

In the judgment from which North Shore seeks relief, the trial court found that North Shore damaged property belonging to Wakefield and Schafer by dumping "approximately 3,566 cubic yards of spoil or fill over the original land surface." The judgment was entered in January 1994, nearly three years after the fill was dumped on the land in April or May 1991. The court found:

"IV.

Testimony indicated that removal of the fill is possible and is the preferred method of restoration before topsoil is applied.

\* \* \* \* \*

VII.

Defendants lost or will lose usage of the damaged property for six years; i.e., three years past and three years future. Based on the testimony of the owners and evidence of area rental values, the use value is approximately $1200/year for all Defendants giving consideration for the size and predamage condition of the property."

The court concluded that Wakefield and Schafer were entitled to damages for restoration of the land and lost use. It awarded them "$17,121 for fill removal and top soil replacement, $10,170 for revegetation of the property, and $7,200 for loss of use of the damaged property."

After losing its appeal from this judgment, North Shore moved for relief under Rule 60(b), NDRCivP. North Shore submitted evidence that Devils Lake's rising waters would soon submerge much of the damaged land. North Shore argued that "payment of damages for restoration and loss of use of land that is under water would be an injustice."

The trial court denied North Shore's motion for relief from judgment. The court accepted North Shore's claim that the water had risen, but found that:

> "V.
>
> At some point, there will be a need to restore the land that was damaged in this case.
>
> VI.
>
> The water is not going to change the character of the material that was deposited on the land even though it may change how it looks on the surface.
>
> VII.
>
> Based upon the historic record and fluctuating nature of Devil's Lake, the water will eventually recede.
>
> VIII.
>
> Even with the rising water, there still exist damages to the property and the property will need to be reclaimed.
>
> IX.
>
> There still exists loss of use which will continue even after the water recedes."

North Shore appealed, arguing that the trial court abused its discretion in denying North Shore relief.

■ We will not overturn a trial court's decision on a motion for relief from judgment absent an abuse of discretion. *Reems v. St. Joseph's Hosp.*, 536 N.W.2d 666 (N.D.1995); *Bjorgen v. Kinsey*, 466 N.W.2d 553 (N.D. 1991). We never assume abuse of discretion; the party seeking relief must affirmatively establish it. *First Nat'l Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986). "A trial court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner." *Bjorgen*, 466 N.W.2d at 561.

■ North Shore relied on Rule 60(b)(v) and 60(b)(vi). Subsection (v) allows a court to vacate a judgment when "it is no longer equitable that the judgment should have prospective application." Because North Dakota's Rule 60 was adopted from the Federal Rules of Civil Procedure "we are guided by and give great deference to" federal case law interpreting the federal rule when we construe our rule. *Gruebele v. Gruebele*, 338 N.W.2d 805, 811 n. 5 (N.D.1983).

■ We have noted that the "more persuasive" federal cases have found the "prospective application" clause in Rule 60(b)(5), FRCivP, to be inapplicable to judgments involving money damages. *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324, 329 (N.D.1975); *see also Gajewski v. Bratcher*, 240 N.W.2d 871 (N.D.1976). In *Drake-Henne*, 228 N.W.2d at 329, we acknowledged that Rule 60(b)(5) had "been used occasionally in factual situations involving money damages" but that "such use is rare and unusual." *See, e.g., Bros. Inc. v. W.E. Grace Manufacturing Co.*, 320 F.2d 594 (5th Cir.1963). In the greater number of federal cases dealing with this issue, courts have held that money damages do not have a prospective application. *See* John F. Wagner Jr., Annotation, *Construction and Application of Rule 60(b)(5) of Federal Rules of Civil Procedure Authorizing Relief From Final Judgment Where Its Prospective Application is Inequitable*, 117 A.L.R. Fed. 419 (1994); 7 James Wm. Moore et al., *Moore's Federal Practice* ¶ 60.26[4] at n. 16 (2d ed.1995); 11 Wright, Miller & Kane, *Federal Practice and Procedure*, § 2863 at 337–40 (2d ed.1995). The "prospective application" language in Rule 60(b)(5), FRCivP, "refers primarily to the prospective effect of

decrees of a court of equity which, although properly entered, with the passage of time and changing conditions require modification." *Kock v. Government of Virgin Islands,* 811 F.2d 240, 244 (3rd Cir.1987); *see also Drake–Henne,* 228 N.W.2d at 329 ["Rule 60(b)(5) has been used principally in cases involving injunctive relief."].

North Shore argues that the money damages here have a "prospective application" because the trial court based its damage award on several forward-looking measures. Money damages, however, do not become capable of "prospective application" merely because the court looked forward rather than backward in making its calculations. Calculation of damages is not an exact science: a trial court cannot speculate, but it must necessarily anticipate in determining damages. By choosing to award damages, instead of ordering North Shore to restore the property it damaged, the trial court focused on compensating the injured parties for a past wrong. Because the trial court did not maintain supervisory or continuing jurisdiction over any of the parties here, and because its award of money damages was for a set sum contained in a final judgment, it was not "unreasonable, arbitrary, or unconscionable" for the trial court to conclude that the damages it awarded were not prospective in nature and to deny North Shore relief under Rule 60(b)(v), NDRCivP. *See Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1139 (D.C.Cir.1988) [indicating the standard for determining whether a judgment has prospective application under Rule 60(b)(5), FRCivP, "is whether it is 'executory' or involves 'the supervision of changing conduct or conditions.' "].

█ North Shore also sought relief under Rule 60(b)(vi), NDRCivP. Subsection (vi) allows relief when there is "any other reason justifying relief from the operation of the judgment." North Shore claims that the flooding in the Devils Lake area is another reason justifying relief from the judgment. North Shore argues that it should not have to pay damages for reclamation of the land or removal of fill material because natural action will accomplish these tasks now that the land is submerged. North Shore also argues it should not be required to pay loss of use damages because it is flooding that is preventing the land from being used. North Shore argues the trial court abused its discretion when it refused to allow expert testimony on how wave action would remove the fill material. North Shore also contends the trial court ignored evidence in the record on how the land would be naturally revegetated and unreasonably refused to credit North Shore's argument that the flooding should negate any damages for future loss of use.

█ The judgment North Shore challenges is a judgment on the merits. Our policy favoring the finality of judgments mitigates against interfering with such a judgment. *Suburban Sales & Service, Inc. v. White,* 326 N.W.2d 873 (N.D.1982). "[J]udgments on the merits of a dispute, once rendered by this Court on appeal, after becoming final, should be set aside under Rule 60(b) only in exceptional circumstances where the application of equitable principles demands that such an extraordinary remedy be used to prevent an injustice from occurring." *Gajewski,* 240 N.W.2d at 887. In reviewing trial court denials of Rule 60(b)(vi) motions, only rarely have we found the combination of exceptional circumstances and trial court abuse of discretion necessary to justify interference with a judgment on the merits. *See, e.g., Brakke v. Brakke,* 525 N.W.2d 687 (N.D.1994) [holding trial court abused discretion when it found a Rule 60(b) motion not timely and denied motion on that basis]; *Crawford v. Crawford,* 524 N.W.2d 833 (N.D.1994) and *Galloway v. Galloway,* 281 N.W.2d 804 (N.D.1979) [holding trial courts abused discretion by denying Rule 60(b) motions requesting relief from unconscionable judgments based on stipulated agreements]; *Estate of Jensen,* 162 N.W.2d 861 (N.D.1968) [holding trial court abused discretion by refusing to grant Rule 60(b) motion so that a constitutional issue could be heard]; *In re Braun,* 145 N.W.2d 482 (N.D. 1966) [ordering trial court to grant Rule 60(b) motion to relieve pregnant juvenile from order committing her to State Industrial School].

We are not persuaded that exceptional circumstances exist in this case. It is not an

exceptional circumstance for a body of water to rise, and there is evidence in the record indicating that Devils Lake has risen and fallen in the past. Riparian landowners are by necessity subject to losses and gains caused by the water; under well-established principles of law a riparian landowner " 'is without remedy for his loss in this way [and] cannot be held accountable for his gain.' " *United States v. 11,993.32 Acres of Land,* 116 F.Supp. 671, 675 (D.N.D.1953) (quoting *Jefferis v. East Omaha Land Co.,* 134 U.S. 178, 189, 10 S.Ct. 518, 520–21, 33 L.Ed. 872 (1890)). In August 1993, the trial court in this case found that the elevation of Devils Lake at the time of the original survey in 1883 was 1434.4 feet mean sea level, but in June 1993, the elevation of Devils Lake was more than ten feet lower, at 1424 feet mean sea level. That Devils Lake has flooded, and that this flooding may create losses and gains for adjacent landowners, is therefore neither an exceptional nor an unconscionable circumstance.

■ Even were we to conclude that the flooding of the damaged property were an exceptional circumstance, we do not agree that equity demands the extraordinary remedy of upsetting the judgment in this case. A party who has been injured by another, and who has been awarded money damages to compensate for the injury, is not required to use those damages to repair the thing that was injured. *See Drake–Henne,* 228 N.W.2d at 329. The possibility that time and nature may cure the harm caused by a wrongdoer does not indicate an absence of damages. *See id.* at 328. Moreover, "[i]f an act of God and the negligence [fault] of the defendant combine to produce the injury the defendant is [still] liable." *Lang v. Wonnenberg,* 455 N.W.2d 832, 836 (N.D.1990). Even if Devils Lake's high waters repair and restore Wakefield and Schafer's damaged property, and even if these waters have caused Wakefield and Schafer to lose some use of their property, justice and equity do not demand that North Shore should be relieved of its duty to compensate the injured parties for the damage it inflicted. If the choice is between relieving a tortfeasor of responsibility or compensating a victim years later, we choose

to compensate the victim, not create a windfall for the wrongdoer.

Because neither "exceptional circumstances" nor "equitable principles" demand that relief from judgment be granted in this case, we hold that the trial court did not abuse its discretion in denying North Shore's Rule 60(b)(vi) motion.

We affirm.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM, and MESCHKE, JJ., concur.