Jo Ann MERTES, Plaintiff and Appellee,

v.

Danny Lee WALBERG, Defendant and Appellant.

Civil No. 950384.

Supreme Court of North Dakota.

May 17, 1996.

Jo Ann Mertes, Madison, MN, pro se.

Thomas J. Kuchera, of Kuchera, Stenehjem & Walberg, Grand Forks, for defendant and appellant.

SANDSTROM, Justice.

Danny L. Walberg appealed from a district court order affirming a prior order dismissing proceedings initiated by Jo Ann Mertes under the Revised Uniform Reciprocal Enforcement of Support Act, N.D.C.C. Ch. 14–12.1. We affirm, concluding the district court properly dismissed Walberg's motion based on his noncompliance with court ordered discovery. We also conclude North Dakota courts should not exercise any residual jurisdiction because neither party now resides in this state.

## I

A 1986 Minnesota paternity judgment ordered Walberg to pay child support to Mertes. In June 1992, Mertes registered the Minnesota judgment in the North Dakota district court by transmitting a copy of the judgment to the clerk of the district court in Grand Forks County, under N.D.C.C. § 14–12.1–39. The clerk of district court notified Walberg he had twenty days to petition the court for relief. Walberg moved to modify his child support obligation.

After a hearing at which neither party was represented by counsel, the district court issued findings of fact and an order for amended judgment denying Mertes' discovery requests and modifying Walberg's child support obligation by awarding to the child Social Security benefits to which he is entitled as a result of Walberg's disability. The court ordered Walberg to prepare an amended judgment. Before an amended judgment was entered, Mertes sought reconsideration. The court decided additional information about Walberg's financial capacity was necessary, and directed that entry of the amended judgment be held in abeyance. On February 16, 1993, the court ordered Walberg to comply with Mertes' discovery requests. On October 25, 1993, Walberg moved the court for entry of the amended judgment. The trial court denied Walberg's motion because of his failure to comply with the February discovery order.

On February 2, 1995, Walberg again moved for entry of the amended judgment. Mertes moved for dismissal. On June 13, 1995, the trial court ordered dismissal of the proceedings:

"The Court has repeatedly indicated that it would not direct entry of an order amending this judgment until Defendant complied with outstanding discovery requests from Plaintiff. He has opted not to do so. The requests have been outstanding since 1992 as well. In April 1995, Plaintiff moved the Court to dismiss Defendant's motion. In addition to Defendant's noncompliance with discovery requests, neither party now resides within the state of North Dakota. . . .

"Based upon all matters of record, Defendant's Motion for Amended Judgment is DENIED. Further, pursuant to Rule 37(b)(2)(c), North Dakota Rules of Civil Procedure, pending proceedings in this matter before this Court are DISMISSED with prejudice. The Courts of North Dakota no longer have jurisdiction in this matter."

Walberg moved for reconsideration. After a hearing, the court issued an order on September 19, 1995, affirming its prior dismissal order of June 13, 1995. Walberg appealed.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 14–12.1–10 and 27–05–06. This Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–02. The appeal was timely under N.D.R.App.P. 4(a).

## II

Walberg contends the trial court abused its discretion by holding entry of an amended judgment modifying Walberg's child support obligation in abeyance until Walberg complied with Mertes' discovery requests. "An abuse of discretion by the trial court is never assumed and must be affirmatively established." *Oliver v. City of Larimore*, 540 N.W.2d 630, 635 (N.D.1995). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Lacher v. Anderson*, 526 N.W.2d 108, 112 (N.D.1994). The trial court was obviously convinced discovery was necessary before entering judgment. We are not persuaded the trial court abused its discretion by holding entry of judgment in abeyance until Walberg complied with Mertes' discovery requests.

## III

Walberg contends the trial court abused its discretion in dismissing this proceeding as a sanction against him for not responding to Mertes' discovery requests. N.D.R.Civ.P. 37(b) authorizes a trial court to strike pleadings or dismiss proceedings for a party's failure to obey discovery orders. "The trial court is vested with broad discretion to impose an appropriate sanction for discovery abuses, and its decision will be set aside on appeal only if there has been an abuse of that discretion." *Vorachek v. Citizens State Bank*, 421 N.W.2d 45, 50 (N.D. 1988). "[D]ismissal may be appropriate if there has been a deliberate or bad faith noncompliance which constitutes a flagrant abuse of or disregard for the discovery rules." *Lang v. Bank of North Dakota*, 530 N.W.2d 352, 355 (N.D.1995). Walberg's refusal for over two years to comply with the trial court's repeated orders to comply with Mertes' discovery requests amply justifies the trial court's dismissal of the proceedings as a discovery sanction. Walberg's assertion in a February 1, 1993, affidavit that he was "unable to comply with any further discovery requests by the plaintiff because the information and documents the plaintiff requests are in a storage unit located at Breezy Point, MN," was a wholly inadequate response to Mertes' discovery requests in 1993. Wal-

berg's continued reliance on that inadequate response evidences disregard of the discovery rules and the trial court's orders.

## IV

Walberg contends "the trial court did not lose jurisdiction on the basis that the parties no longer live in North Dakota." The Revised Uniform Reciprocal Enforcement of Support Act "is replete with provisions aimed directly at insuring the defendant's presence in the jurisdiction where the support question is litigated." *Stephens v. Stephens*, 229 Va. 610, 331 S.E.2d 484, 488 (1985). In *Cordie v. Tank*, 538 N.W.2d 214 (N.D.1995) and *Malaterre v. Malaterre*, 293 N.W.2d 139 (N.D.1980), this Court recognized the district court may lose jurisdiction over one or more parties to an action. We need not decide this issue, however, because, even if the district court technically retains jurisdiction, the court should not exercise it when the child support obligor resides in South Dakota, the child support obligee resides in Minnesota, and the supported child lives in Minnesota.

## V

The trial court's order affirming its prior dismissal order is affirmed.

VANDE WALLE, C.J., MESCHKE and MARING, JJ., and LAWRENCE A. LECLERC, District Judge, concur.

LAWRENCE A. LECLERC, District Judge, sitting in place of NEUMANN, J., disqualified.