**Debra D. GRINAKER, Plaintiff, Appellant and Cross– Appellee,**

v.

**Gary GRINAKER, Defendant, Appellee and Cross–Appellant.**

**Civil No. 960035.**

Supreme Court of North Dakota.

Sept. 3, 1996.

Deborah J. Carpenter (argued), of Carpenter Offices, Bismarck, for plaintiff, appellant, and cross-appellee.

Gary Grinaker (argued), Bismarck, pro se.

MESCHKE, Justice.

Debra Grinaker appeals from an order denying her motion for a new trial or for relief

from a divorce decree dividing marital property. Gary Grinaker appeals from the decree. We affirm.

Debra and Gary Grinaker were married in 1981. They started a photo finishing and portrait studio business, The Photo Express, Inc. Debra and Gary each owned fifty percent of the stock in Photo Express, and both worked full time in the business.

Debra sued for divorce in 1993,[1] and trial was held in February 1995. An independent appraiser appointed by the court to value Photo Express issued her report on August 8, 1995. Gary thereafter filed a "Notice of Filing Additional Information," an affidavit, and an amended NDROC 8.3 statement proposing updated values on various other property items, including mutual funds and annuities.

The trial court issued its memorandum opinion and order on September 13, 1995, valuing the Photo Express stock and awarding each half the stock.[2] The court also awarded each half of a note payable from Photo Express. The court then ordered Gary to pay Debra $42,627.50 for her share of the stock and $44,246.26 for her share of the note within 60 days of judgment. Debra was to transfer her stock to Gary upon payment of those amounts. The court awarded nearly half of the remaining property to each.

Debra's attorney wrote to the trial court seeking clarification, asserting that the court failed to include Gary's interest in farmland in the distribution and that the court had awarded Debra an account tied to Gary's life insurance, creating problems in transferring the account. Apparently without allowing Gary an opportunity to respond, the court issued an addendum to its opinion, awarding

Gary the farmland and disputed account, and shifting other property to Debra to offset those changes. Again, by the court's computations, each one received approximately half of the property.

Gary then moved for reconsideration, arguing that the court erroneously valued the stock and the note. Gary argued that, although the court apparently was adopting (with minor changes) the valuation by the independent appraiser, the independent appraiser treated the corporate note to the parties as equity included in the $84,800 value of the stock. Thus, Gary asserted, the court could not give Debra a half interest of $42,000 in the corporate stock and also give her half the note valued at $44,000. Gary also argued that, by shifting to Gary the "life insurance" account while taking away other accounts, the court had left Gary without any liquid assets to pay Debra sums ordered in the property distribution. Gary included affidavits and a memorandum demonstrating that the disputed account was not tied to Gary's life insurance, but was a variable annuity that could be transferred to Debra without taxation or penalty.

The trial court granted Gary's motion for reconsideration and again amended its opinion. The court awarded all of the Photo Express stock, valued at $85,285, to Gary, and assigned a value of zero to the note. The court again awarded the disputed variable annuity to Debra, with other assets shifted to Gary to offset the change. The court's computations indicated Debra received property valued at $134,530.59, and Gary received property valued at $133,534.17. A decree was entered accordingly, and the court denied Debra's motion for a new trial or for relief from the decree.

1. The marital discord spilled over into the business. Each claims the other altered the computerized business records of Photo Express to gain an advantage in the divorce. In December 1993, when Gary claimed he owned more than half of the stock and threatened to take control of Photo Express, Debra began a separate action against Gary and Photo Express to enjoin the annual shareholders' meeting. The trial court in that action enjoined the annual meeting and eventually, in October 1994, appointed a receiver to preserve the assets of Photo Express while the

divorce was pending. The receivership was terminated in June 1995, and Gary then returned to control of Photo Express. In a separate opinion, *Grinaker v. Grinaker*, 553 N.W.2d 200 (N.D. 1996), we also affirm various orders in this connected receivership case.

2. The court in its opinion stated it valued the stock at $92,400 but, in computing the property distribution, it valued each half interest at $42,-627.50. Neither spouse raises this disparity on appeal, and we will not address it.

## I. DEBRA'S APPEAL

Debra appeals from the order denying her motion for a new trial or for relief from the decree. Debra's primary argument to the trial court on the motion was that there were irregularities because she was not given sufficient opportunity to reply to Gary's motion for reconsideration. The court, in denying Debra's motion, found "such evidence of irregularities insufficient and insignificant," and that any possible irregularities "did not prevent [Debra] from having a fair trial."

 The rules authorize the trial court to order a new trial if an irregularity in the proceedings prevented a party from having a fair trial. NDRCivP 59(b)(1). To justify a new trial, the irregularity must be "patent, obvious, or evident from the record." *McAdams v. McAdams*, 530 N.W.2d 647, 650 (N.D.1995). As *Johnson v. Schlotman*, 502 N.W.2d 831, 836 (N.D.1993), explains, a trial court's denial of a motion for a new trial is purely discretionary, and we will not disturb it on appeal unless there is an affirmative showing of a manifest abuse of discretion.

 Similarly, under Debra's alternative motion for relief from the decree under NDRCivP 60(b), the decision is within the trial court's sound discretion and will not be reversed on appeal absent an abuse of discretion. *North Shore, Inc. v. Wakefield*, 542 N.W.2d 725, 727 (N.D.1996). The party moving for relief has the burden of establishing sufficient grounds for disturbing the finality of the decree. *McComb v. Aboelessad*, 535 N.W.2d 744, 747 (N.D.1995). As *Soli v. Soli*, 534 N.W.2d 21, 23 (N.D.1995), says, relief from judgment under NDRCivP 60(b) is extraordinary relief and should be granted only in exceptional circumstances.

 An abuse of discretion is never assumed; the burden is upon the party seeking relief to affirmatively establish it. *Mertes v. Walberg*, 548 N.W.2d 378, 380 (N.D.1996); *North Shore*, 542 N.W.2d at 727. Our opinion in *Bruner v. Hager*, 547 N.W.2d 551, 554 (N.D.1996), explains that a trial court abuses its discretion only when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.

 Debra asserts the trial court abused its discretion because she did not receive a sufficient opportunity to respond to Gary's motion for reconsideration. The record shows that Debra first wrote the court seeking "clarification" of the court's memorandum opinion where she argued for substantive changes in the property distribution. The court issued an addendum to its opinion making some of her suggested changes without allowing Gary an opportunity to respond. Gary then moved for reconsideration, and the court again made changes, issuing an amended memorandum opinion.

While the procedure employed by the trial court may have been awkward and unusual, the court did not abuse its discretion in concluding this procedure did not deny Debra a fair trial. Debra still received more than half of their marital property, including the bulk of the liquid assets. Debra does not really argue with the result, but only with the procedure, claiming she received more under the court's second decision than the third, and that the second decision should stand. Debra does not acknowledge, however, that the second decision resulted from the court amending the opinion based upon her arguments when Gary had no opportunity to respond. Unless Debra was denied a fair trial by the procedure employed, NDRCivP 59(b) does not authorize a new trial.

Debra has failed to meet her burden of affirmatively showing the trial court acted arbitrarily, unconscionably, or unreasonably, or that its decision is not the result of a rational mental process. We conclude that the court did not abuse its discretion in denying Debra's motion for a new trial or for relief from the decree.

## II. GARY'S APPEAL

Gary's appeal challenges the trial court's division of the marital property.

 The trial court must make an equitable distribution of the marital property, based upon the facts and circumstances of each individual case. NDCC 14–05–24; *Volson v. Volson*, 542 N.W.2d 754, 756 (N.D.

1996). The court's determinations on valuation and division of property are findings of fact that will only be reversed on appeal if they are clearly erroneous. *Volson,* 542 N.W.2d at 756; *Braun v. Braun,* 532 N.W.2d 367, 370 (N.D.1995). A finding is clearly erroneous only if the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been made. *Buzick v. Buzick,* 542 N.W.2d 756, 758 (N.D. 1996). As *Buzick,* 542 N.W.2d at 758, and *Fenske v. Fenske,* 542 N.W.2d 98, 102 (N.D. 1996), explain, the trial court's findings of fact are presumptively correct, and the complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous.

Gary challenges the trial court's treatment of his premarital property and property he received by gift and inheritance during the marriage. Gary claims he should have received the present value of his premarital property and his farmland, and the remaining assets should then have been divided equally.

We have repeatedly held that property brought into the marriage by one party, and separate property acquired by gift, inheritance, or otherwise, must be included in the marital estate and is subject to distribution. *E.g., van Oosting v. van Oosting,* 521 N.W.2d 93, 96 (N.D.1994); *Gaulrapp v. Gaulrapp,* 510 N.W.2d 620, 621 (N.D.1994). Distribution of property is governed by the *Ruff–Fischer* guidelines. *Gaulrapp,* 510 N.W.2d at 621; *Theis v. Theis,* 534 N.W.2d 26, 27 (N.D.1995); *see Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966). The origin of property is but one factor to be considered under the *Ruff–Fischer* guidelines, and we have never held that property brought into a marriage by one spouse, or acquired by gift or inheritance by one spouse, be irrevocably set aside to that spouse. *See Braun,* 532 N.W.2d at 371; *van Oosting,* 521 N.W.2d at 96; *Heley v. Heley,* 506 N.W.2d 715, 716 (N.D.1993). The trial court in this case specifically considered the *Ruff–Fischer* guidelines, and found that the origin of this property weighed in favor of Gary. However, the court found several other factors weighed in favor of Debra, including Gary's greater earning ability, Gary's harassing and abusive conduct toward Debra, and Debra's serious health problems. Applying these factors, the trial court awarded Gary the farmland and inherited property, but gave Debra other property to effectuate an equitable distribution.

The tenor of Gary's argument is demonstrated by the form of relief that he suggests on appeal. Gary asserts that assets worth more than $295,000, representing the alleged present value of premarital property, gifts, and inheritances, should be distributed to him before dividing the remaining marital assets. This is more than the total marital estate as valued by the trial court. Apparently Gary believes he should receive all of the property accumulated during this 15 year marriage, and Debra should leave the marriage with nothing. Gary's argument is nonsensical.

Gary contends the trial court erred in valuing the property distributed to Debra as of the date of trial, rather than as of the date of the distribution. The trial court's ruling was delayed for over six months after trial for receipt of the independent appraiser's report. Just before the court's ruling, Gary submitted a "Notice of Filing Additional Information," an affidavit, and an amended NDROC 8.3 statement proposing updated values for various mutual fund and annuity accounts. Gary argues that these documents show Debra received a $17,000 "windfall" because of the appreciation after trial of accounts she received in the distribution.

We have previously upheld valuation of marital property as of the date of trial rather than as of the date of distribution. In *Urlaub v. Urlaub,* 348 N.W.2d 454 (N.D.1984), the initial divorce decree had been reversed on a prior appeal. On remand, the trial court refused to allow additional evidence on the value of the marital property and valued the property as of the date of the original trial. We concluded in *Urlaub,* 348 N.W.2d at 456, that the court did not abuse its discretion in refusing to consider additional evidence or grant a new trial, and that the findings of fact, based upon values as of the date of the original trial, were not clearly erroneous.

Common sense dictates that marital property be valued as of the date of trial,

rather than the date of distribution. The trial court hears the evidence on value at trial, and the evidence will ordinarily give a current value for the property. When valuing items like the mutual funds and variable annuities here, any evidence presented at trial on value for some future date would have been purely speculative. The difficulty with the procedure attempted by Gary in this case is evident. Parties would be free to file further "evidence," not subject to cross-examination, whenever they believed a marital asset had changed in value. This procedure would certainly lead to a never-ending trial by affidavit, with parties continually submitting account statements and other materials with each fluctuation of the financial markets.[3]

■ We recognize that relief may be justified in extraordinary cases when a substantial, unanticipated change in valuation of an asset occurs after trial but before distribution. Gary used the example of a lottery ticket valued at $1.00 at the time of trial that subsequently wins the million dollar jackpot. Certainly it would be inequitable to award the ticket to one party valued at $1.00. However, the proper procedure to remedy that result is a motion to reopen for additional evidence. *See, e.g., Steckler v. Steckler,* 492 N.W.2d 76, 79–80 (N.D.1992); *Leno v. Ehli,* 339 N.W.2d 92, 96 (N.D.1983); NDRCivP 50, Explanatory Note. The parties could then present evidence of changes in values, with the opportunity to cross-examine witnesses and challenge the other party's proffered valuation. Gary did not move to reopen the trial, but sought amendment of the valuations based only upon his affidavit and an amended NDROC 8.3 statement. Under these circumstances, we conclude the trial court did not err in valuing the property as of the date of trial.

Gary argues that the property distribution is inequitable, substituting his own values for those found by the trial court to demonstrate a $76,722.15 imbalance in the distribution. There are numerous errors in Gary's calculations. For example, he uses May 1996 values for assets distributed to Debra and includes amounts he paid in interim spousal support and attorney's fees as both property awarded to Debra and liabilities subtracted from his share. This argument is without merit.

Gary has failed to meet his burden of establishing the trial court's findings of fact on valuation and division of the marital property are clearly erroneous. We have considered the other questions raised by the parties and find them to be without merit.

The decree and the order denying Debra's motion for a new trial or for relief from the decree are affirmed. The parties shall each bear their own costs on appeal.

VANDE WALLE, C.J., and
SANDSTROM, NEUMANN and MARING, JJ., concur.

---

**3.** In this appeal, Gary has continued his attempt to present new evidence, including in his appendix an account statement showing the value of the parties' various accounts and annuities as of May 1996, seven months after the decree was entered. He argues we should consider these new values in reviewing the distribution of property. In decisions like *Production Credit Associa-* *tion v. Obrigewitch,* 443 N.W.2d 304, 306 n. 1 (N.D.1989), and *Vanover v. Kansas City Life Insurance Co.,* 438 N.W.2d 524, 525 (N.D.1989), we have repeatedly said that an appeal must be decided on the evidence submitted to the trial court, and new or additional evidence will not be considered on appeal.