Debra GRINAKER, Plaintiff
and Appellee,

v.

Gary GRINAKER, Defendant
and Appellant,

and

The Photo Express, Inc., Defendant,

and

Lucia Stellick, Receiver and Appellee.

Civil No. 950354.

Supreme Court of North Dakota.

Sept. 3, 1996.
Rehearing Denied Oct. 1, 1996.

Deborah J. Carpenter, of Carpenter Offices, Bismarck, for plaintiff and appellee.

Gary Grinaker, Bismarck, Pro se.

Malcolm H. Brown, Bismarck, for receiver and appellee.

VANDE WALLE, Chief Justice.

Gary Grinaker appealed from orders appointing a receiver, staying a corporate meeting, authorizing the sale of corporate assets, and approving the receiver's fees and final accounting. We affirm.

Gary and Debra Grinaker, husband and wife, each owned fifty percent of the stock of The Photo Express, Inc. [Photo Express], a photo finishing lab and portrait studio. Gary and Debra both worked full-time in the business.

The couple experienced marital difficulties which began affecting the business. Debra filed for divorce in 1993. Each party claims the other altered the computerized business records of Photo Express to gain an advantage in the divorce. Gary also changed the locks to Photo Express, resulting in Debra on one occasion being locked in the business after hours. Gary also restricted Debra's access to the business and its records, and threatened he would "throw [her] ass in jail" if she entered Photo Express without his permission.

During the pendency of the divorce action, Gary claimed he owned more than fifty percent of the stock of Photo Express and attempted to take control of the company. Gary acknowledged he intended 'to replace Debra's parents on the board of directors at the annual shareholders' meeting in December 1993. Debra brought this action against Gary and Photo Express seeking an emergency stay of the annual meeting and injunctive relief. The district court stayed the annual meeting and scheduled a hearing. Debra subsequently requested the court to

appoint a receiver to preserve the assets of Photo Express while the divorce action was pending.

The district court found Gary's conduct was "reprehensible and clearly 'smacks' of attempted harassment and maneuvering to gain legal advantage in the divorce action." Deeming "the preservation of the assets to be of greatest significance and urgency," the court concluded the appointment of a receiver for Photo Express was appropriate. On October 7, 1994, Lucia Stellick, a certified public accountant, was appointed receiver of Photo Express with authority to run the business on a day-to-day basis. Although Gary was allowed to remain as an employee of Photo Express at the same salary he had earned previously, he quit when Stellick took over as receiver.

On June 15, 1995, the court ordered the assets of Photo Express returned to Gary and terminated the receivership. Gary ultimately was awarded all of the stock in Photo Express in the divorce action.[1] On August 29, 1995, the court entered its order approving the receiver's final accounting and ordering payment of fees and expenses in the total amount of $39,494.47. Gary appealed.

■ Gary asserts the trial court abused its discretion in ordering appointment of a receiver. The decision to appoint a receiver rests within the sound discretion of the trial court, and we will overturn the court's decision only for an abuse of discretion. *Bjorgen v. Kinsey*, 491 N.W.2d 389 (N.D.1992). An abuse of discretion is never assumed; the burden is upon the party seeking relief to affirmatively establish it. *Mertes v. Walberg*, 548 N.W.2d 378 (N.D.1996); *North Shore, Inc. v. Wakefield*, 542 N.W.2d 725 (N.D. 1996). A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Bruner v. Hager*, 547 N.W.2d 551 (N.D.1996).

1. In a companion case on appeal, we affirm the divorce judgment. *See Grinaker v. Grinaker*, 553 N.W.2d 204 (N.D.1996).

Gary supports his argument primarily with case law from other jurisdictions. However, our Business Corporation Act, Chapter 10–19.1, N.D.C.C., specifically covers the situation presented here. Curiously, the parties have failed to cite these relevant statutory provisions, other than one passing reference in Gary's brief.

Section 10–19.1–115(1)(b), N.D.C.C., authorizes the court to grant equitable relief, including dissolution of the corporation, when those in control of a corporation have acted fraudulently, illegally, or in a prejudicial manner toward shareholders:

"1.  A court may grant any equitable relief it deems just and reasonable in the circumstances or may dissolve a corporation and liquidate its assets and business:

\*      \*      \*      \*      \*      \*

"b.  In an action by a shareholder when it is established that:

\*      \*      \*      \*      \*      \*

"(2) The directors or those in control of the corporation have acted fraudulently or illegally toward one or more shareholders in their capacities as shareholders or directors or as officers or employees of a closely held corporation; [or]

"(3) The directors or those in control of the corporation have acted in a manner unfairly prejudicial toward one or more shareholders in their capacities as shareholders or directors of a corporation that is not a publicly held corporation or as officers or employees of a closely held corporation. . . ."

Section 10–19.1–115(4), N.D.C.C., clarifies that, when dealing with a closely held corporation, the high degree of fiduciary duties between shareholders must be taken into consideration:

"In determining whether to order equitable relief or dissolution, the court shall take into consideration the duty which all shareholders in a closely held corporation owe one another to act in an honest, fair, and reasonable manner in the operation of the corporation and the reasonable expec-

tations of the shareholders as they exist at the inception and develop during the course of the shareholders' relationship with the corporation and with each other. . . ."

Shareholders in a close corporation have a right to relief when faced with oppressive conduct by those controlling the corporation. *Fisher v. Fisher*, 546 N.W.2d 354 (N.D.1996); *Balvik v. Sylvester*, 411 N.W.2d 383 (N.D. 1987).

In this case, as we noted previously, there was evidence Gary restricted Debra's access to the premises and to the business records. He changed the locks and refused to give her a key, resulting in Debra being locked in the business premises. Gary claimed ownership of more than half of the corporation based upon additional "shares" ultimately found to be invalid, and attempted to gain total control of the corporation by replacing Debra's parents on the board of directors. Gary threatened to have Debra jailed if she entered Photo Express without his permission. There was also evidence Gary had tampered with the company's computerized business record system. Considering Gary's duty to act honestly, fairly, and in a reasonable manner toward Debra, Section 10–19.1–115(4), N.D.C.C., the court could conclude that Gary's conduct was oppressive, fraudulent, and unfairly prejudicial, supporting the decision to appoint a receiver.

Gary argues a receivership is not appropriate if the business is profitable and not in danger of discontinuing operations. Section 10–19.1–115(2), N.D.C.C., expressly provides the business's profitability is insufficient, standing alone, to deny equitable relief:

"In determining whether to order equitable relief or dissolution, the court shall take into consideration the financial condition of the corporation but may not refuse to order equitable relief or dissolution solely on the ground that the corporation has accumulated or current operating profits."

Gary also argues *Balvik* requires reversal in this case. In *Balvik*, a minority shareholder in a closely held corporation had been "frozen out" of company business by the majority shareholder. The trial court or-

dered dissolution of the company. Although agreeing the majority shareholder's conduct was oppressive, entitling the minority shareholder to relief, we reversed the order to dissolve the corporation because other remedies were available. Although Gary relies upon *Balvik* for the proposition that an extreme remedy should not be employed when an alternative remedy is available, Gary does not acknowledge that one of the lesser remedies expressly recognized in *Balvik* was appointment of a receiver to continue operation of the corporation until the oppressive conduct was remedied. *Balvik; see also Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45 (N.D.1988). *Balvik* does not support Gary's assertion that the court abused its discretion when it appointed the receiver.

Gary has not demonstrated the trial court acted arbitrarily, unreasonably, or unconscionably, or its decision is not the product of a rational mental process. Accordingly, we conclude the trial court did not abuse its discretion when it appointed a receiver to preserve the assets of Photo Express during the divorce.

■ Although we conclude the trial court did not abuse its discretion, we are concerned about the procedure employed by the parties in this case. It is a waste of judicial, and the parties', resources to initiate a separate action for equitable relief when this matter could have been resolved in the pending divorce action.

In *Fisher v. Fisher,* 546 N.W.2d 354 (N.D. 1996), we considered a similar, but distinguishable, situation. In *Fisher,* Gene and Sheila Fisher owned the vast majority of shares in the family's closely held business. Their three adult children owned small percentages of the company's stock. Gene filed for divorce from Sheila, and the court appointed a receiver over Gene and Sheila's stock to protect the company's assets during the divorce. The children sought to intervene in their parents' divorce proceedings, asserting the receivership adversely affected

the value of their shares. We affirmed the trial court's denial of intervention, noting the children could have brought a separate action under Chapter 10–19.1, N.D.C.C., to protect their interests.

This is a different case. Intervention is unnecessary, because the two parties to the divorce own all the shares of Photo Express. Debra's interests could have been fully protected in the divorce proceedings, and, in fact, she had previously sought injunctive relief, including appointment of a receiver, in the divorce action. Although we conclude that the court did not abuse its discretion in appointing a receiver, the proper procedure under these circumstances is to seek relief in the pending divorce action.

Gary asserts the trial court abused its discretion in awarding the receiver's fees and expenses. The court allowed $39,494.47 in fees and expenses, $150 less than Stellick requested. The $150 deduction was for Stellick's failure to comply with Rule 8.1(b), N.D.R.O.C., when she hired an attorney.[2]

■ The amount and reasonableness of a receiver's fees and expenses is also a matter within the exercise of the trial court's sound discretion, and will not be disturbed on appeal unless a clear abuse of discretion is shown. *Berg v. Kremers,* 193 N.W.2d 129 (N.D.1971); *Patterson v. Ward,* 6 N.D. 609, 72 N.W. 1013 (1897). As previously noted, Gary bears the burden of affirmatively establishing an abuse of discretion. *See North Shore.*

■ Gary's challenges to the receiver's fees consist primarily of factual disputes arising out of conflicting evidence. The trial court was certainly more familiar than we are with the work performed by the receiver, and the court also had the opportunity to hear and assess the testimony of witnesses at the hearing on the motion to approve the receiver's fees and final accounting. *See Patterson.* The court considered Gary's factual assertions and rejected them.

2. Rule 8.1(b), N.D.R.O.C., provides:
"*Attorneys for Receivers. Application.* An attorney for the receiver may be employed only upon order of the court, upon written motion of the receiver stating the reasons for the requested employment and naming the attorney to be employed, who must not be interested in the action as attorney for any party without the written consent of the opposing parties filed with the clerk."

Gary has failed to demonstrate the trial court acted arbitrarily, unreasonably, or unconscionably, or the court's decision was not the result of a rational mental process. *See Bruner.* We conclude the trial court did not abuse its discretion in ordering payment of the receiver's fees and expenses.

Debra asserts Gary's appeal is frivolous, and seeks attorney's fees and costs for this appeal. *See* Rule 38, N.D.R.App.P. Gary's appeal is not frivolous and we deny Debra's request for attorney's fees and costs.

We have reviewed the remaining issues raised by the parties and find them to be without merit. The orders of the district court are affirmed.

SANDSTROM, NEUMANN, MESCHKE and MARING, JJ., concur.