Jensen, Justice.
[¶1] Bruce Wayne Lee appeals from a final judgment and decree of divorce entered on August 17, 2018 dissolving his marriage to Kimberly Marie Lee. On appeal, Bruce argues the district court erred in its valuation of marital assets and the allocation of the marital estate. Bruce also contends he was prejudiced by the district court's six-month delay in issuing a final judgment. We affirm.
I.
[¶2] Bruce Wayne Lee and Kimberly Marie Lee began cohabitating in October 2001. The couple cohabitated until they were married on September 3, 2005. The parties had resided together for approximately 17 years at the time of divorce.
[¶3] The parties had an ownership interest in real estate comprised of farmland and a marital home. Bruce purchased the farmland from his mother under the terms of a contract for deed in September 1995. The contract for deed was paid off in June 2018. During the parties' marriage, Bruce and Kimberly made payments on the contract for deed to Bruce's mother. The couple also made payments during the four years prior to their marriage. The parties took out a mortgage on the farmland to finance building their marital home during their marriage.
[¶4] Bruce and Kimberly eventually sold their farmland and home to Bruce's children via a contract for deed. Bruce and Kimberly retain a life estate in the farmland allowing them to receive rent and live in the home for the rest of their lives. Under the contract for deed, Bruce's three children were to pay Bruce and Kimberly $600 per month for 240 months. Bruce's children have not made all of the payments required under the contract for deed. Bruce acknowledged his children had missed several payments, but testified he forgave some of the debt to each of his children. Kimberly testified in her opinion the children still owed the couple money.
[¶5] Bruce testified the home had a value of $60,000 and asserted the land had a value of $100,000 considering the life estate interest owned by the parties. Kimberly testified the value of the home was $77,926, and the land should be valued at $190,304. Kimberly also claimed the $91,800 remaining on the contract for deed should be included as part of the marital estate. The district court valued the life estate interest in the home at $61,521 and the value of the life estate in the land at $193,586, for a total value of $255,107. The court also assigned a value of $68,902 to the payments remaining on the contract for deed. Bruce argues the *107 district court erred in its valuation and distribution of the real estate when it included the life estate in the home and land, as well as the payments remaining on the contract for deed. Bruce also argues the court erred in its valuation of a Bobcat Skid-Steer and by including a receivable of $21,600 owed by Bruce's children in the marital estate. Finally, Bruce contends he was prejudiced by the court's six-month delay in issuing a final judgment.
II.
[¶6] Bruce argues the district court erred in its valuation of the real estate when it included the payments remaining under the contract for deed in the value of the real property. This Court will not reverse a district court's findings on valuation of marital property unless they are clearly erroneous. Corbett v. Corbett , 2001 ND 113, ¶ 12, 628 N.W.2d 312. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made." Kautzman v. Kautzman , 1998 ND 192, ¶ 8, 585 N.W.2d 561. "A choice between two permissible views of the evidence is not clearly erroneous if the [district] court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." Hoverson v. Hoverson , 2001 ND 124, ¶ 13, 629 N.W.2d 573. The value a district court places on marital property depends on the evidence presented by the parties. Fox v. Fox , 2001 ND 88, ¶ 22, 626 N.W.2d 660. This Court presumes a district court's property valuations are correct. Hoverson , at ¶ 13.
[¶7] Here, the district court used financing statements signed by Bruce to determine the value of the home and the land. The court then applied the life estate fractional multiplier codified in N.D. Admin. Code § 75-02-02.1-32 in coming to its valuation of the home and land. The court went on to value the contract for deed based on the remaining amount left to be paid by Bruce's children and added this amount to the marital estate. Bruce contends the addition of the amount remaining on the contract for deed results in a property valuation in excess of any evidence received by the court.
[¶8] This Court has not previously discussed the valuation of a life estate as a marital asset in a divorce proceeding. Section 75-02-02.1-32, N.D. Admin. Code, concerns Medicaid and gives guidance on how to value a life estate for the purpose of Medicaid eligibility. Section 75-02-02.1-32, N.D. Admin. Code, contains a table which provides a multiplier based on the party's age and type of property interest. Here, the district court selected the appropriate age in the table and multiplied the corresponding life estate "decimal fraction" by its valuation of the property. The court's valuation of the life estate was not induced by an erroneous view of the law, was within the range of evidence presented at trial, and this Court is not left with a definite and firm conviction a mistake has been made. The valuation of the life estate in the real property was not clearly erroneous.
[¶9] The district court added the value of the payments remaining under the contract for deed to the value of the life estate. The valuation of remaining payments under the contract for deed was within the evidence presented by the parties. "A property valuation within the range of evidence presented at trial is not clearly erroneous." Jacobs-Raak v. Raak , 2016 ND 240, ¶ 4, 888 N.W.2d 770. Had the couple remained together, Kimberly *108 would have enjoyed a life estate in the home as well as the life estate in the farmland entitling the parties to rental income from the farmland during their lifetime. The district court properly quantified the life estate in the home and farmland as discussed above. In addition to the life estate, the parties are also entitled to receive the remaining payments on the contract for deed. The two assets are separate and distinct, and it was not error to value each separately and add them together. The district court's valuation was not induced by an erroneous view of the law, was within the range of evidence presented at trial, and this Court is not left with a definite and firm conviction a mistake has been made. The valuation of the real property was not clearly erroneous.
[¶10] Bruce also argues the district court erred in its valuation of a Bobcat Skid-Steer. The court heard testimony from both parties as to their opinion of the value of the Bobcat. Bruce valued the Bobcat at $9,500 and submitted an estimate from a Bobcat dealer reflecting the same. Kimberly testified she believed the Bobcat was worth $15,000. Bruce had previously listed the value of the Bobcat and attachments at $15,000 on a personal financial statement. In its valuation of the Bobcat, the court noted the documentation relied on by Bruce failed to include the attachments, though he testified he had included the attachments in his estimate. The court did not find Bruce's testimony credible and in turn, used Kimberly's estimate, which was found to be more credible. The court's valuation was not induced by an erroneous view of the law, was within the range of evidence presented at trial, and this Court is not left with a definite and firm conviction a mistake has been made. The valuation of the Bobcat was not clearly erroneous.
[¶11] Bruce argues the district court erred when it included a receivable consisting of delinquent contract for deed payments owed by Bruce's children in the marital estate. The existence of the receivable was a contested issue at trial. Bruce testified he forgave payments to recognize work that had been done by his children. Kimberly testified she believed the children still owed the payments. The court found because the contract for deed was entered into with both Bruce and Kimberly, Bruce did not have unilateral power to forgive these payments, and the amount was properly included in the marital estate. The district court's finding was a choice between two permissible views of the evidence, based on inferences from other facts and/or on credibility determinations, and was therefore supported by a permissible foundation. Hoverson, 2001 ND 124, ¶ 13, 629 N.W.2d 573. The court's inclusion of the receivable in the marital estate was not induced by an erroneous view of the law, was within the range of evidence presented at trial, and this Court is not left with a definite and firm conviction a mistake has been made. The valuation of the marital estate to include the contract for deed payments was not clearly erroneous.
III.
[¶12] Bruce argues the district court did not consider the source of the real estate when making its distribution. "[A] trial court must start with a presumption that all property held by either party whether held jointly or individually is to be considered marital property." Ulsaker v. White , 2006 ND 133, ¶ 13, 717 N.W.2d 567. "The trial court must then determine the total value of the marital estate in order to make an equitable division of property." Id. "After a fair evaluation of the property is made, the entire marital estate must then be equitably divided between the parties *109 under the Ruff-Fischer guidelines." Id. The Ruff-Fischer guidelines require a district court to consider the following factors in determining how to equitably divide the marital estate:
the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material. The trial court is not required to make specific findings, but it must specify a rationale for its determination.
Schultz v. Schultz , 2018 ND 259, ¶ 27, 920 N.W.2d 483 (quoting Bladow v. Bladow , 2003 ND 123, ¶ 7, 665 N.W.2d 724 ). The district court is also required to consider the source of the property in determining an equitable allocation of the parties' marital property. Schultz , at ¶ 10. While the origin of property must be considered, there is no requirement to set property aside for a spouse who brings property into a marriage. Grinaker v. Grinaker , 553 N.W.2d 204, 208 (N.D. 1996).
[¶13] The district court acknowledged the "history" of the real estate in its order. The court's order also recognized, "[i]t was unquestioned that the parties always intended that the real estate would remain in Bruce's family." When discussing distribution, the court's order also states, "this land has been held for many, many years by Bruce's family and is a factor in allocating both the real estate and the debts against the real estate to Bruce." The court went on to award Bruce the real estate and an offsetting equalization payment to Kimberly. The court unequivocally considered the source of the property as well as the Ruff-Fischer guidelines in coming to its distribution decision. The court's allocation of marital property was not induced by an erroneous view of the law, was within the range of the evidence presented, and this Court is not left with a definite and firm conviction a mistake has been made. The district court's allocation of marital property considered the source of the property and was not clearly erroneous.
IV.
[¶14] Bruce argues he was prejudiced by the district court's six-month delay in issuing a final judgment. Bruce references this Court's docket currency standards in support of his argument there was prejudicial delay and notes that while the case remained unresolved, he continued to make payments for the benefit of Kimberly under the terms of the parties' interim order.
[¶15] In July 2017, Bruce brought a motion for entry of a temporary order. On October 12, 2017, prior to the hearing, Kimberly and Bruce reached an agreement where Kimberly would have use of the Subaru and Bruce would make the $412 monthly car payment, along with providing insurance coverage for the vehicle. On October 17, 2017, the district court issued a temporary order adopting the parties' agreement. The final day of trial was January 31, 2018. Bruce and Kimberly both submitted closing summations on February 14, 2018. The interim order remained in place until the district court's decision in July 2018.
[¶16] At the time of this matter, N.D. Sup. Ct. Admin. R. 12(2)(a)(1) provides judges should issue judgments "within 24 months of the date the complaint was filed or within 90 days of the end of trial, whichever is earlier." The current rule provides *110 the decisions should be completed 90 days from oral argument, last day of trial, or the filing of the last brief, whichever is latest. N.D. Sup. Ct. Admin. R. 12(2)(b)(1). This case began with service of the summons and complaint in June 2017. The final day of trial was January 31, 2018. The final briefs and proposals were served on February 14, 2018. A decision was not provided until July 31, 2018.
[¶17] Bruce asserts he was prejudiced by the substantial delay in resolving the proceedings, and although not well defined, appears to argue the prejudice was the continued interim order payments he made on behalf of Kimberly. Bruce failed to clearly articulate the remedy he is seeking to address the prejudice caused by the delay.
[¶18] Generally, a delay is relevant only in extraordinary cases when a substantial, unanticipated change in valuation of an asset occurs. See Innis-Smith v. Smith , 2018 ND 34, ¶ 19, 905 N.W.2d 914 ; see also Grinaker , 553 N.W.2d at 209. Additionally, the "Statement of Policy" in section 1 of N.D. Sup. Ct. Admin. R. 12, states the time standards are "goals" and may not affect the substantive and procedural rights of the parties in any case. Similar language is also present in the previous version of N.D. Sup. Ct. Admin. R. 12. Although resolution of this case fell outside of our administrative time standards, that alone is insufficient to grant relief and Bruce has failed to demonstrate this is an extraordinary case compelling reconsideration of the property division.
V.
[¶19] The district court's property valuations were not clearly erroneous. The court considered the source of the property, and its ultimate distribution was not clearly erroneous. Lastly, the court's six-month delay in issuing a final judgment does not rise to the level of extraordinary and does not compel reconsideration of the property division. We affirm the judgment of the district court.
[¶20] Jon J. Jensen
Daniel J. Crothers
Jerod E. Tufte
William A. Neumann, S.J.
Gerald W. VandeWalle, C.J.
[¶21] The Honorable William A. Neumann, S.J., sitting in place of McEvers, J., disqualified.