Linda GUSKJOLEN (Walters), Plaintiff and Appellee,

v.

Larry GUSKJOLEN, Defendant and Appellant.

Civ. No. 920247.

Supreme Court of North Dakota.

April 27, 1993.

See also, 391 N.W.2d 639.

Solberg, Stewart, Boulger, Miller & Johnson, Fargo, for plaintiff and appellee; argued by Wayne O. Solberg.

Garaas Law Firm, Fargo, for defendant and appellant; argued by Jonathan T. Garaas.

SANDSTROM, Justice.

Larry Guskjolen appealed from an amended judgment of the district court terminating Linda (Guskjolen) Walter's child support obligation for Larry and Linda's minor child, Leilani. The district court held Linda's decision to stop working to care for children of her second marriage created a hardship over which she had little or no control. We reverse.

Larry and Linda were divorced in 1983. Linda is a high school graduate with a two-year college degree in occupational therapy. At the time of the original divorce proceedings she was working as a certified occupational therapist assistant, earning approximately $20,000 per year. Larry was awarded custody of Leilani, and Linda was ordered to pay child support of $100 per month.

Linda subsequently married Kerry Walters and had a child in September 1989. During these proceedings Linda and Kerry were expecting the birth of a second child. Linda quit working fulltime to care for these children of her second marriage. She then took a part-time position doing cleaning and janitorial services in their apartment complex, from which she earns very little income.

On December 15, 1991, Linda moved to modify the original child support order. Following a hearing, the trial court terminated Linda's support obligation. Larry then filed this appeal.

Section 14–09–09.7, N.D.C.C., authorizes the Department of Human Services to promulgate child support guidelines and creates a rebuttable presumption that the amount of child support which would result from application of the guidelines is the correct amount of child support. Subsection 3 of Section 14–09–09.7, N.D.C.C., provides for rebuttal of the presumption:

> "3. There is a rebuttable presumption that the amount of child support which would result from the application of the child support guidelines is the correct amount of child support. *The presumption may be rebutted if a preponderance of the evidence in a contested matter establishes that factors not considered by the guidelines will result in an undue hardship to the obligor* or a child for whom support is sought. A written finding or a specific finding on the record must be made if the court determines that the presumption has been rebutted." [Emphasis added]

The trial court considered Linda's current family living expenses and income, and expressly found that it would constitute an undue hardship for Linda to pay child support for Leilani. Larry asserts that the trial court's finding of undue hard-

ship is clearly erroneous, and he requests this court to reinstate the original $100 per month support obligation.

■ A trial court's findings on a motion to modify child support are subject to review under Rule 52(a), N.D.R.Civ.P., and will not be overturned on appeal unless they are clearly erroneous. *Hartman v. Hartman*, 466 N.W.2d 155 (N.D.1991). A finding of fact is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Montgomery v. Montgomery*, 481 N.W.2d 234 (N.D.1992). We are convinced that the trial court has made a mistake and that the court's finding of undue hardship for Linda to pay child support for Leilani is clearly erroneous.

Linda feels a moral obligation to not work fulltime outside her home so she can personally be with and care for her current family. However, Linda also has a legal obligation to provide financial support for Leilani. Parents have a mutual duty to support their children. N.D.C.C. § 14–09–08. The guidelines expressly state that "considerations of policy require that all parents understand the parental duty to support children to the extent of the parent's ability." N.D.A.C. § 75–02–04.1–04. Although the guidelines do not provide for imputing wages to an unemployed obligor, they do require the court to include the cash value of in-kind income as part of an obligor's gross income in computing her child support obligation. N.D.A.C. § 75–02–04.1–01(2) and (3). *Spilovoy v. Spilovoy*, 488 N.W.2d 873 (N.D.1992).

■ In considering Linda's motion, the trial court applied the guidelines and found that, based upon Linda's in-kind income, Linda should pay child support for Leilani of $102 per month. The court recognized that this is the presumptively correct amount of child support that Linda is legally obligated to pay for Leilani.

"THE COURT: All right. Okay. Yes. I agree.

"I—I think that the—Mr. Garaas in his Exhibit 1 is—is entirely correct. I think the presumptive child support guideline amount at this time is a hundred and two dollars."

However, the court then erroneously found that it would impose an undue hardship for Linda to pay any child support for Leilani.

"She has chosen to—for whatever reason to—to—to stop her employment to facilitate raising another child, soon to be two children. I have to be fair. What's fair is fair. What's equitable is equitable.

"The guidelines have been—the presumption has been rebutted. She doesn't have the ability to pay, and it would be a hardship to require her to pay. Therefore, the motion is allowed."

■ The presumptively correct child support obligation under the guidelines can be rebutted only if a preponderance of the evidence establishes that "factors not considered by the guidelines" will result in an undue hardship to the obligor. N.D.C.C. § 14–09–09.7(3). The guidelines expressly take into consideration "[t]he subsistence needs, work expenses, and daily living expenses of the obligor." N.D.A.C. § 75–02–04.1–09(1)(a). Consequently, Linda's financial burdens stemming from her voluntary remarriage and her having children of that marriage do not constitute "factors not considered by the guidelines" which can justify a finding of undue hardship. *See State of Minnesota v. Snell*, 493 N.W.2d 656 (N.D.1992). Neither Linda nor the trial court has identified factors not considered by the guidelines which would justify terminating Linda's financial support for Leilani.[1]

---

1. Linda has asserted on appeal that it is difficult for her to pay child support for Leilani because she spends substantial money for travel and lodging to exercise her visitation rights with Leilani. The guidelines expressly state that "reduced ability of the obligor to provide support due to travel expenses incurred solely for the purpose of visiting" the child is a factor not considered in the guideline calculations. N.D.A.C. § 75–02–04.1–09(2)(h). So, Linda's visitation expense is an appropriate factor for the court to consider in determining whether it would be an undue hardship for her to pay the support amount required by the guidelines.

Additionally, N.D.A.C. § 75–02–04.1–06, entitled "Consideration of hardship," provides:

"Situations occur over which the obligor has little or no control, and which may substantially reduce the ability to pay child support for a prolonged time. If a continued or fixed expense, other than the obligor's living expenses, is actually incurred and paid, such as payments to restore a major casualty loss of property essential to living or to earning a livelihood, the amounts paid may be deducted from gross income to arrive at net income."

The reasons advanced by Linda do not achieve the status of being a situation over which she had little or no control.

We conclude that the court's finding of undue hardship is clearly erroneous. Other issues raised by Larry, being unnecessary to the resolution of this case, need not be addressed. In accordance with this opinion, the amended judgment terminating Linda's child support obligation is reversed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

LEVINE, Justice, specially concurring.

I do not believe the child support guidelines anticipated or contemplated the present case. Consequently, there is no exception made in the guidelines to the presumption of their correctness for a woman's pregnancy, and more significantly, for that woman's decision to care for the children of her remarriage in her home when that is the economically logical decision to make as between her and her spouse. If, as we hold, the *mother-obligor cannot evade child support* by staying home during her pregnancy, following her pregnancy during maternity leave or permanently in order to care for the children of her remarriage, then, should there be consideration given for the child care expenses that she must purchase, assuming her spouse is also employed outside the home? *Compare* NDAC 75–02–04.1–09(2)(f) which does allow the court to consider child care expenses of the obligee. I am sure there is a raft of other considerations that ought to be addressed but I leave them to the Department of Human Services.

I am confident that the Department of Human Services will also want to consider the competing policy implications at stake. *See Spilovoy v. Spilovoy*, 488 N.W.2d 873, 878 (N.D.1992) (Levine, J., concurring); *Clutter v. McIntosh*, 484 N.W.2d 846 (N.D. 1992) (Levine, J., concurring). Until then, I agree with the majority's analysis and join the decision.

---

However, the trial court did not find that Linda's visitation expenses, considered separately, create an undue hardship for her to meet her support obligation for Leilani under the guidelines.