**Linda P. BRAKKE, Plaintiff and Appellee,**

v.

**Timothy A. BRAKKE, Defendant and Appellant.**

**Civ. Nos. 940220, 940221.**

Supreme Court of North Dakota.

Dec. 20, 1994.

Mark R. Fraase, of Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for plaintiff and appellee.

Richard Henderson, of Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellant.

VANDE WALLE, Chief Justice.

Timothy Brakke appealed from an amended judgment ordering Timothy's former spouse, Linda Brakke, to pay future, but not retroactive, child support for their daughter, Alanna. Timothy also appealed from an order denying his request for relief from paying court-ordered child support after November 1991 under a prior judgment. We hold Timothy is not entitled to receive retroactive support payments from Linda. We also hold the trial court abused its discretion in denying Timothy's motion for relief from his child support obligation under the prior judgment because it was not timely.

Timothy and Linda were divorced in November 1981. The original decree was amended several times. A Third Amended Judgment was entered on September 11, 1991, upon a stipulated agreement between Timothy and Linda. It awarded physical custody of Alanna to Linda during the school year and to Timothy during the summer months and extended school-vacation breaks. It also required Timothy to pay Linda $400 per month for Alanna's support, commencing in September 1991. Timothy paid child support under that judgment for September and October 1991.

In November 1991, Alanna, who was then living with her mother in Pennsylvania, came

to North Dakota during a school-vacation break to visit Timothy. Alanna never returned to Pennsylvania to reside with her mother, and from November 1991 to the present has remained in Timothy's actual physical custody. Linda, when told Alanna desired to stay in North Dakota rather than return to Pennsylvania, was extremely upset and initially demanded that Alanna return to reside with her. However, within a few days, after the parties discussed the situation, Linda acquiesced in Alanna's decision to reside with her father. Timothy has not made child support payments to Linda since October 1991.

On March 16, 1994, Timothy moved to amend the 1991 judgment, seeking primary physical custody of Alanna and reasonable child support from Linda, retroactive to November 1991. The court entered a Fourth Amended Judgment on June 3, 1994, granting Timothy's request for primary physical custody of Alanna and ordering Linda to pay child support of $700 per month, beginning in March 1994. However, the court denied Timothy's request for retroactive child support from Linda.

Prior to the court's entry of the 1994 judgment, Timothy filed a motion for relief from the 1991 judgment under Rule 60(b)(vi), N.D.R.Civ.P., requesting the court to vacate his support obligation under that judgment, retroactive to November 1991. Timothy's request was based on his actual physical custody of Alanna since November 1991, during which time he provided most of Alanna's financial needs. The trial court denied Timothy's motion for relief from the 1991 judgment, ruling that his motion was not timely.

■ Relief is available under Rule 60(b)(vi), N.D.R.Civ.P., when the movant demonstrates it would be unjust to enforce a court order or judgment. The rule provides an ultimate safety valve to avoid enforcement of a judgment or order when that is necessary to accomplish justice. *Crawford v. Crawford*, 524 N.W.2d 833 (N.D.1994); *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D.1970).

■ A motion under Rule 60(b), N.D.R.Civ.P., must be made within a reasonable time. The determination of whether a motion has been timely filed is within the discretion of the trial court and will not be overturned on appeal unless the trial court abuses its discretion. *See Matter of Estate of Hansen*, 458 N.W.2d 264 (N.D.1990). What constitutes a reasonable time to bring a motion for relief varies from case to case and must be determined in each instance from the facts before the court. *Suburban Sales v. District Court of Ramsey County*, 290 N.W.2d 247 (N.D.1980).

■ Alanna was in Timothy's actual physical custody for about two and one-half years before Timothy requested relief from his support obligation under the 1991 judgment. However, Timothy has presented unique and undisputed facts which explain his delay in requesting relief and which lead us to conclude the trial court abused its discretion in denying relief on the ground that Timothy's request was not timely.

It is undisputed that Timothy has had actual physical custody of Alanna since November 1991 and that he provided for most of her financial needs during that time. Linda acquiesced in the change of custody, and she made no demand for or attempt to collect support payments until Timothy filed his motion in March 1994 requesting primary custody of Alanna and child support payments from Linda. The record also reveals that when the parties agreed with Alanna's decision to remain in North Dakota with her father, Linda pleaded with Timothy to not request child support payments from her. Linda told Timothy she was pregnant and suffering additional stresses caused by problems in her current marriage and from the effects of severe diabetes. Timothy says for those reasons he decided it would be in everyone's best interests that he not start legal action at that time to secure a formal change in the divorce decree. Timothy and Linda attempted to negotiate a stipulated agreement regarding custody and support. When those negotiations failed, Timothy filed his 1994 motions with the district court.

Timothy relies on two analogous cases. In *Karypis v. Karypis*, 458 N.W.2d 129 (Minn. App.1990), the minor children of the parties left the custodial parent's home and lived for several years with the non-custodial parent,

who was under a court-ordered child support obligation. He ceased making child support payments when he became the children's primary caretaker. The Minnesota Court of Appeals concluded that when the non-custodial parent became the primary caregiver for the children on a long-term basis, equity required the court to deem the non-custodial parent's obligation satisfied.

■ Under similar circumstances the Indiana Court of Appeals in *Isler v. Isler,* 425 N.E.2d 667, 669 (Ind.App.1981), concluded that when the obligor parent, by agreement with the custodial parent, takes the children into his home and provides their primary care, "requiring the obligated parent to pay again would result in unjust enrichment." The court ruled that when the obligor parent has taken actual physical custody and control of the children for an extended period of time, equity allows the trial court to credit that parent with the support he has actually furnished the children against his accrued support obligation. We agree with the Minnesota and Indiana courts that it would be inequitable and unjust to enforce a court-ordered support obligation in favor of a custodial parent who acquiesces in transferring custody for an extended period of time to the obligor parent who provides the financial support to the child during that time.

Parents have a mutual duty to support their children. Section 14–09–08, N.D.C.C.; *Guskjolen v. Guskjolen,* 499 N.W.2d 126 (N.D.1993). However, the child support guidelines, which are designed by statute to assist courts in determining child support, (*see* Section 14–09–09.7, N.D.C.C.) contemplate child support payments be made by the non-custodial parent to the custodial parent. The guidelines define custodial parent as the parent "who acts as the primary caregiver on a regular basis for a proportion of time greater than the obligor, regardless of custody descriptions...." Section 75–02–04.1–01, NDAC. The trial court, in ordering Timothy to pay child support to Linda under the 1991 judgment, contemplated Linda would remain the custodial parent. However, when, by acquiescence of the parties, Timothy became the custodial parent and Alanna's primary caretaker in November 1991, the underlying

basis for Timothy's child support obligation to Linda was eliminated. It would be unjust to enforce Timothy's support obligation under a judgment which contemplated that Linda, not Timothy, would be the custodial parent. Under the circumstances of this case, we conclude Timothy's motion for relief under Rule 60(b)(vi), N.D.R.Civ.P., was timely and the trial court abused its discretion in denying relief for failure to bring the motion in a reasonable time. We further conclude that Timothy is entitled to relief under Rule 60(b)(vi), N.D.R.Civ.P., from his child support obligation under the 1991 judgment.

■ Our decision in this case is not a retraction of our position that vested support rights cannot be retroactively modified. *See Thorlaksen v. Thorlaksen,* 453 N.W.2d 770 (N.D.1990); *Guthmiller v. Guthmiller,* 448 N.W.2d 643 (N.D.1989). However, when both parents agree to an actual change in custody for an extended period of time, Rule 60(b)(vi), N.D.R.Civ.P., can be used to provide relief from the unjust enforcement of the de facto custodial parent's support obligation. We do not suggest that every obligor who receives custody by agreement of the parties should wait to move to modify the judgment. *See Thorlaksen, supra.* Although changes in physical custody for short periods of time would not constitute a change of circumstances justifying a change in the support order, where the parties recognize the change will be of long duration, a prompt motion to modify should be made. Here, however, the record clearly reveals Timothy delayed making the motion at Linda's request. Under these facts we hold that Timothy's support obligation under the 1991 judgment should be vacated from November 1991.

Timothy also appealed from that part of the 1994 judgment denying his request for retroactive child support from Linda. Timothy concedes there was no agreement for him to receive compensation from Linda for the care and support he has provided Alanna since November 1991. During oral arguments to this court, Timothy's attorney informed us that if Timothy was relieved of his support obligation under the 1991 judgment he would neither request nor expect retroac-

tive child support payments from Linda. We, therefore, deem Timothy to have withdrawn his request for retroactive support from Linda.

The 1994 judgment is affirmed. The order denying Timothy's motion for relief from the 1991 judgment is reversed, and the case is remanded with directions that the trial court vacate that part of the 1991 judgment requiring Timothy to pay child support from November 1991.

SANDSTROM, NEUMANN, LEVINE and MESCHKE, JJ., concur.