**Patrick T. SCHERLING, Plaintiff and Appellee,**

v.

**Terry Lynn SCHERLING, Defendant and Appellant.**

**Civ. No. 940362.**

Supreme Court of North Dakota.

April 13, 1995.

James R. Brothers and Benjamin E. Thomas of Wold Johnson, P.C., Fargo, for defendant and appellant; argued by James R. Brothers.

Jonathan T. Garaas of Garaas Law Firm, Fargo, for plaintiff and appellee.

SANDSTROM, Justice.

Terry Scherling appeals an amended judgment requiring her to pay child support. She argues the district court clearly erred in not departing from the child support guidelines because of a potential hardship in paying the full amount required and because the custodial parent has sufficient financial resources to support the child. We affirm the amended judgment.

I

Terry and Patrick Scherling were married May 20, 1978, in Fargo. The Scherlings have one child, Nicholas, born November 26, 1982. The Scherlings were divorced in June 1989.

Terry and Patrick Scherling stipulated to custody and visitation of Nicholas. Terry Scherling was given sole physical custody of Nicholas, with Patrick Scherling receiving reasonable visitation. Nicholas lived with Terry Scherling in the marital home. Patrick Scherling was ordered to pay $1,500 per month in child support. Spousal support was not awarded.

In December 1992, Nicholas ran away from home and moved in with his father, who lived a short distance from Terry Scherling.

Since that time, Patrick Scherling has had physical custody of Nicholas. Based on Nicholas's desire to live with his father, Patrick Scherling moved to amend the original judgment on July 7, 1993.

The Scherlings again stipulated to custody and visitation of Nicholas. The district court held Patrick Scherling was the primary custodial parent and Terry Scherling would contribute monetarily. The district court found Terry Scherling had a net monthly income for child support purposes of $4,700. Based on this figure, the district court held Terry Scherling must pay $846 per month in child support. The district court specifically held the $846 per month in child support would not impose a significant hardship on her.

The appeal was timely under Rule 4(a), N.D.R.App.P. The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. § 27–05–06(2). This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28–27–01.

## II

Terry Scherling argues the district court should have departed from the child support guidelines in setting her monthly child support payment. She contends paying the full guideline amount will impose a "hardship" upon her. She also argues the district court should have considered Patrick Scherling's income when setting her support payment.

A trial court's award of child support is a finding of fact and will not be overturned unless clearly erroneous. *Guskjolen v. Guskjolen*, 499 N.W.2d 126, 128 (N.D.1993). A finding of fact is clearly erroneous when the reviewing court is left with a definite and firm conviction a mistake has been made. *Guskjolen.*

### A

Terry Scherling argues she cannot afford to live in the "marital" home if she has to pay the full amount of child support. She points to the guardian ad litem's testimony it would be in Nicholas's best interests to maintain the marital home for visitation.

■ The child support guidelines are presumptively correct. N.D.C.C. § 14–09–

09.7(3). At the time Patrick Scherling moved to amend the judgment, the guideline amount could be rebutted if a preponderance of the evidence "establishes that factors not considered by the guidelines will result in an undue hardship to the obligor or a child for whom support is sought." N.D.C.C. § 14–09–09.7(3). The guidelines define those factors considered in arriving at the child support amount:

"The child support amount and the calculations provided for under this chapter consider all factors described or applied in this chapter, except those described in subsection 2 and, in addition, consider:

"a. The subsistence needs, work expenses, and daily living expenses of the obligor; ..."

N.D.A.C. § 75–02–04.1–09(1)(a). A "hardship" is defined as:

"Situations occur over which the obligor has little or no control, and which may substantially reduce the ability to pay child support for a prolonged time. If a continued or fixed expense, other than the obligor's living expenses, is actually incurred and paid, such as payments to restore a major casualty loss of property essential to living or to earning a livelihood, the amounts paid may be deducted from gross income to arrive at net income."

N.D.A.C. § 75–02–04.1–06.

■ The obligor's controllable living expenses are not hardships. *Hallock v. Mickels*, 507 N.W.2d 541, 545 (N.D.1993). Home mortgage payments and other household expenses are considered by the guidelines and cannot be further deducted from child support. *Hallock.*

■ Terry Scherling may have difficulty maintaining her current standard of living and paying child support. This, however, is not different from an ordinary family that must forgo a comfortable lifestyle to raise children. Terry Scherling's budget, part of the record, contains items which could be reduced to pay for the house. Based on the guardian ad litem's testimony, she should make cuts in these other areas to maintain the marital home for Nicholas.

The district court's findings are not clearly erroneous. Terry Scherling's house payments and expenses are not a hardship.

## B

Terry Scherling argues the district court, when setting her child support amount, erred by not considering Patrick Scherling's income, which is substantially greater than hers. She argues, because of his large income, Patrick Scherling provides everything Nicholas may need.

 Parents have a mutual duty to support their children. N.D.C.C. § 14–09–08. This duty exists regardless of one parent's ability to provide for all of the needs of the child. The child support guidelines are premised on the obligor's income, not on the obligee's earnings or needs. *Pozarnsky v. Pozarnsky*, 494 N.W.2d 148, 151 (N.D.1992). The guidelines take into account the "income of the obligee, which is reflected in a substantial monetary and nonmonetary contribution to the child's basic care and needs by virtue of being a custodial parent." N.D.A.C. § 75–02–04.1–09(1)(b). The noncustodial parent owes a duty of financial support which is balanced against the custodial parent's emotional, physical, spiritual, and financial support of the child.

The department of human services developed child support guidelines premised only on the obligor parent's income. The department considered the obligee parent's monetary and nonmonetary contributions to support the child. The department's rulemaking authority has not been challenged. We do not substitute our judgment for that of an agency. N.D.C.C. §§ 28–32–19.1, 28–32–21.

 We hold a substantial disparity between the obligor's and the obligee's income is not material for setting child support.

## III

The district court did not err by requiring Terry Scherling to pay child support in the amount imposed by the guidelines. The district court properly did not consider Patrick Scherling's income in setting the child support payments. The amended judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.