Filed 10/30/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1998 ND 186

Angela K. Krizan,                        Plaintiff and Appellant

      v.

John C. Krizan, Defendant and Appellee

Civil No. 980055

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Arnold V. Fleck, Wheeler Wolf, 220 N. 4th Street, P. O. Box 2056, Bismarck, ND 58502-2056, for plaintiff and appellant.

David R. Bliss, Bliss Law Office, 316 N. 5th Street, Suite 104, P.O. Box 1854, Bismarck, ND 58502-1854, for defendant and appellee.

Krizan v. Krizan

Civil No. 980055

VandeWalle, Chief Justice.

[¶1] Angela Krizan appealed from the trial court’s order denying her motion to amend the divorce judgment to change child custody, retroactively modify child support obligations and award costs and attorney’s fees.  She also appealed from an earlier order sanctioning her attorney for unilaterally setting an alternate hearing date.  We affirm in part, reverse in part and remand.

I

[¶2] Angela and John Krizan were married in 1979.  Two daughters were born of the marriage, Jennifer and Joanna, born August 1, 1980 and  June 20, 1982.  In August 1991, Angela left the marital home in Beulah to live in Zap and later moved to Rapid City, South Dakota.  The couple divorced in January 1993.  After a trial, the district court concluded it was in the best interests of the children to award custody to John, stating:

The court’s finding is based in part upon expert testimony provided by Ms. Karen Mueller, which substantiated the need for stability for the children.  The court finds that John Krizan has performed his parenting functions quite adequately.  The court also finds, based upon its interview with the children, that the girls were worried about their mother and feel the need to live with her 
to take care of her
.  The court finds also that the mother’s needs are being met through the children, not the reverse.  (Emphasis in original).

 

Angela was awarded visitation every other weekend, alternating holidays and four consecutive weeks in the summer.  She was also ordered to pay child support in the amount of $68 per month.  No appeal was taken from the original judgment.  John remarried in September 1993.  In 1994, Angela moved back to Beulah.  Upon the advice of a counselor, the children’s visitation with Angela was extended.  However, the parties dispute the number of days in 1996 and 1997 visitation was exercised.  On October 1, 1997, Angela brought a motion to amend the divorce judgment.  The trial court denied the motion.  The order denying the motion is the subject of this appeal.

II

[¶3] Angela argues the trial court erred in denying her motion because there are significant changes in circumstances warranting a change in custody.  She contends three events constitute a change in circumstances, including: (1) her return to Beulah from Rapid City; (2) John’s remarriage; and (3) the children’s desire to live with her.  Because Jennifer is now eighteen years old, the issue of custody now concerns only Joanna.

[¶4] A trial court’s findings of fact on a motion to modify custody is subject to the “clearly erroneous” standard of review.  
Mosbrucker v. Mosbrucker
, 1997 ND 72, ¶ 5, 562 N.W.2d 390.  A finding of fact is clearly erroneous under N.D.R.Civ.P. 52(a) if there is no evidence to support it, if it is clear to the reviewing 

court that a mistake has been made, or if the finding is induced by an erroneous view of the law.  
Id.
  When a party seeks to modify a custody arrangement the trial court applies a two step process.  
Id.
 at ¶ 6.  A trial court must first determine whether there has been a significant change in circumstances following the divorce and custody determination.  
Id.
  The trial court must also examine whether this change so adversely affects the child that a change in custody is required to further the best interests of the child.  
Id.
  The burden of proving these two elements rests with, Angela, the parent seeking to modify custody.  
Id.
  We now examine each of her arguments.

[¶5] First, Angela contends her return to Beulah from Rapid City amounts to a significant change in circumstances.  The district court disagreed finding no weight was given to Angela’s Rapid City residence when the trial court made its original custody determination.  In its order, the district court noted Angela’s residency was not mentioned in the trial court’s findings of fact, conclusions of law or order for judgment when it determined John should be awarded custody of Joanna and Jennifer.  We agree that Angela’s move to Beulah is not a significant change in circumstances requiring a change in custody.  The trial court’s decision to place custody with John was primarily based upon the need for the children’s stability.  Considered with the fact Angela's living in Rapid City was not a factor considered by the 

court in awarding John custody, the trial court’s finding of no significant change of circumstances is not clearly erroneous.

[¶6] Secondly, Angela argues John’s marriage to his present wife Verda amounts to a significant change in circumstances warranting a change in custody.  The trial court rejected this argument finding John’s  remarriage was “legally insignificant” and noting the marriage took place in 1993, four years before Angela brought her motion to change custody.  In 
Mosbrucker
, we stated the remarriage of a parent may create a significant change in circumstances.  
See
 
Mosbrucker
, 1997 ND 72, ¶ 10, 562 N.W.2d 390 (holding a husband’s remarriage did constitute a significant change in circumstances requiring a change in custody).  Angela relies heavily upon this case to support her argument.  However, the facts in 
Mosbrucker
 make that case inapposite as precedent in this case. 

[¶7] In 
Mosbrucker
, the parties entered into a stipulated divorce, agreeing to share joint legal and physical custody of their fourteen year old daughter and allowed her to choose which parent she wanted to live with.  
Id.
 at ¶ 2.  Moreover, the wife’s motion to change custody in 
Mosbrucker
 was brought promptly following the husband’s remarriage.  
Id.
 at ¶ 4.  In contrast, divorce and custody were contested issues in this case and Angela also did not bring her motion to change custody until four years after John’s remarriage.  We agree that, under these facts, John’s remarriage is not a significant change in circumstances, unlike the remarriage in 
Mosbrucker
, requiring a change in custody.  We, therefore, conclude the trial court's finding in this regard was not clearly erroneous.

[¶8] Thirdly, Angela contends the children’s preference to live with her, rather than John, amounts to a significant change in circumstances requiring custody be changed.  The trial court found this preference rooted in Jennifer not getting along with her father and his rules.  Furthermore, the trial court determined Joanna, in comparison to Jennifer, was much less adamant about living with her father and often follows Jennifer’s lead.

[¶9] While the preference of a mature child may be considered a significant change in circumstances, we have stated a preference should only be considered when there are persuasive reasons for it.  
Mosbrucker
, 1997 ND 72, ¶ 10, 562 N.W.2d 390 (citing 
Alvarez v. Carlson
, 524 N.W.2d 584, 592 (N.D. 1994) (VandeWalle, C.J., concurring in result).  A trial court is in a much better position to determine facts, properly limiting our review under the clearly erroneous standard.  
Gietzen v. Gietzen
, 1998 ND 70, ¶ 11, 575 N.W.2d 924.  If there is reasonable evidence in the record to support the trial court’s findings, we will not retry a case.  
Id.
  After reviewing the record, we find ample evidence to support the trial court’s finding the children’s preference is not supported by persuasive reasons.  The record includes testimony revealing Joanna’s tendency to be influenced by Jennifer, as well as Joanna’s inability to express her own opinions when she attended counseling sessions with Jennifer.  Based on this evidence, we are not left with a definite and firm conviction the district court made a mistake in rejecting this argument.  We, therefore, conclude the trial court’s decision to deny her motion to change custody on this basis was not clearly erroneous.

III

[¶10] Angela also contends the district court erred in denying her motion to retroactively invalidate her child support obligation from January 1, 1996, and establish a child support obligation for John from that date.  She relies on our decision in 
Brakke v. Brakke
, 525 N.W.2d 687, 690 (N.D. 1994) to support this argument.  We find Angela’s reliance on 
Brakke
 misplaced.

[¶11] 
Brakke
 involved an agreement by both parents to change custody of their daughter for an extended period of time.  
Id.
 at 688-89.  Following this change, the father requested retroactive relief from his child support payments under a prior judgment.  
Id.
 at 689.  We concluded Rule 60(b)(vi), N.D.R.Civ.P., could be applied to relieve the father from his child support obligations back to the date he became the child’s custodial parent.  
Id.
 at 690.  However, in retroactively invalidating Mr. Brakke’s support payments, we clearly stated this decision was not a retraction from our position that  “vested support rights cannot be retroactively modified.”  
Id.
  Thus, application of 
Brakke
 is limited to cases where both parties agree to an actual change in custody for an extended period of time.

[¶12] Unlike 
Brakke
, this case does not involve an acquiescence to change custody.  Instead, Jennifer and Joanna’s  visitation with Angela was increased at the recommendation or advice of a counselor.  An agreement to extend visitation is not the same as an agreement to change custody.  The child support guidelines reflect this premise.  The guidelines provide child support payments are to be made by the non-custodial parent to the custodial parent.  
Edwards v. Edwards
, 1997 ND 94, ¶ 15, 563 N.W.2d 394 (citing 
Dalin v. Dalin
, 545 N.W.2d 785, 789 (N.D. 1996)).  Moreover, the guidelines expressly prohibit the abatement of support obligations during temporary periods in which the child resides with the non-

custodial parent.  
Id.
  N.D. Admin. Code § 75-02-04.1-02(2) provides:

75-02-04.1-02. Determination of support amount - General instructions.

*****

2. Calculations assume that the care given to the child during temporary periods when the child resides with the obligor or the obligor’s relatives do not substitute for the child support obligation.

In contrast in 
Brakke
, the period the child resided with the obligor was permanent not, as here, temporary.

[¶13] Under N.D.R.Civ.P. 60(b), a trial court’s decision to deny relief will not be overturned on appeal absent an abuse of discretion.  
North Shore, Inc. v. Wakefield
, 542 N.W.2d 725, 727 (N.D. 1996).  An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.  
Bruner v. Hager
, 547 N.W.2d 551, 554 (N.D. 1996).  Under this standard of review, the trial court did not abuse its discretion in denying Angela’s request to retroactively modify her child support obligations where there was only an agreement to extend visitation.

[¶14] Angela also argues the court erred in denying her motion for costs and attorney’s fees in bringing her motion to change custody and modify support obligations.  In its order, the district court stated, "[t]he parties will pay their own attorney’s fees.”  Under N.D.C.C. § 14-05-23, a trial court has discretion in awarding attorney fees.  An abuse of discretion is never assumed; the burden is upon the party seeking relief.  
Grinaker v. Grinaker
, 553 N.W.2d 204, 207 (N.D. 1996).  We will not disturb a trial court's decision regarding attorney fees on appeal unless it is affirmatively established that the trial court abused its discretion.  
Cermak v. Cermak
, 1997 ND 187, ¶ 20, 569 N.W.2d 280.  After reviewing the record, we conclude Angela failed to show an abuse of discretion by the trial court in denying costs and attorney’s fees.

[¶15] Lastly, Angela contends the district court abused its discretion by ordering her counsel pay $100 in attorney’s fees to opposing counsel for unilaterally setting a hearing date.  The district court, in its order, emphasized its strong disapproval of this practice.  While we, too, believe conferring with opposing counsel before setting hearing dates with the court is a good practice, failing to do so is not a sanctionable offense in the absence of a court rule or court order requiring counsel to confer.

[¶16] N.D.C.C. § 27-10-01.4(1)(a) allows trial courts to require the payments of money to compensate a party for any loss suffered as a result of a contempt, including reimbursement for costs and expenses.  N.D.C.C. § 27-10-01.1(1) outlines several definitions of contempt.  Under this provision, contempt is defined in terms of six separate types of intentional conduct as well as “[a]ny other act or omission specified in the court rules or by law as a ground for contempt of court.”  None of these definitions address the actions of Angela’s counsel.  Accordingly, we find no basis for the $100 sanction and conclude the district court abused its discretion.

[¶17] We reverse the sanction, but otherwise affirm.  The case is remanded for entry of an amended order in accordance with this opinion.

[¶18] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

[¶19] The Honorable Herbert L. Meschke, a member of the Court when this case was heard, retired effective October 1, 1998, and did not participate in this decision.