2006 ND 81

**Gerri MARCHUS, Plaintiff and Appellant,**

v.

**Derle O. MARCHUS, Defendant and Appellee.**

No. 20050329.

Supreme Court of North Dakota.

April 19, 2006.

Marina Spahr, Murphy & Spahr Law Office, P.C., Carrington, N.D., for plaintiff and appellant.

Derle O. Marchus, *pro se*, Bismarck, N.D.

KAPSNER, Justice.

[¶ 1] Gerri Marchus appeals from a district court order vacating Derle Marchus's child support obligation effective January 2001. We hold the district court abused its discretion in retroactively modifying Derle Marchus's child support obligation, and we reverse the court's order.

I

[¶ 2] Gerri Marchus and Derle Marchus were married in 1977, had three children, and were divorced in Eddy County in 1998. At the time of the divorce the parties had two minor children. Gerri Marchus was awarded custody of those two children, and Derle Marchus was ordered to pay her monthly child support until the youngest child turned eighteen, unless she was still in high school, then until the end of her senior year or she turned nineteen, whichever came first. Derle Marchus became delinquent on his child support obligation, and there were enforcement proceedings against him in Burleigh County, where he had moved after the divorce.

[¶ 3] In November 2002, Derle Marchus filed a motion in Burleigh County to amend the divorce judgment to grant him custody of the youngest child and to award him child support for the period of time that he claimed the child had actually re-sided with him. However, his motion was filed in an improper venue, and Derle Marchus subsequently refiled his motion in September 2003, in the venue of the original divorce proceedings, Eddy County.

[¶ 4] After an evidentiary hearing, the district court found the youngest child had moved out of Gerri Marchus's home while still a minor in January 2001. The court found the youngest child resided with Derle Marchus for approximately four to six months, and thereafter lived with relatives, including her brother in Bismarck and her sister in Fargo. The youngest child turned eighteen in November 2002, and was not then attending high school. She did not return to either parent's home. The court specifically found that Derle Marchus "somewhat" supported the child financially after she left his home, and that Gerri Marchus did not support the child after January 2001. The court denied Derle Marchus's motion for change of custody and his request for back child support. The court, however, ruled Derle Marchus's child support obligation ended in January 2001, concluding Gerri Marchus had ceased to be the custodial parent after the child moved out of her home. The court vacated Derle Marchus's child support obligation effective January 2001.

II

[¶ 5] Gerri Marchus argues the district court erred in retroactively modifying Derle Marchus's child support obligation. We agree.

[¶ 6] Child support determinations involve questions of law subject to a de novo standard of review, findings of fact subject to a clearly erroneous standard of review, and may include matters of discretion subject to an abuse of discretion standard of review. *Lukenbill v. Fettig*, 2001 ND 47, ¶ 9, 623 N.W.2d 7 (quoting *Buchholz v. Buchholz*, 1999 ND 36, ¶¶ 11–12,

590 N.W.2d 215). A district court's decision setting an effective date for a modified child support obligation is discretionary and will not be overturned on appeal absent an abuse of discretion. *Bertsch v. Bertsch*, 2006 ND 31, ¶ 7, 710 N.W.2d 113. A court abuses its discretion if it acts arbitrarily, capriciously, or unreasonably, or if it misapplies or misinterprets the law. *Id.* at ¶¶ 5, 8.

■ [¶ 7] The child support guidelines contemplate that child support payments are to be made by the non-custodial parent to the custodial parent. *Edwards v. Edwards*, 1997 ND 94, ¶ 15, 563 N.W.2d 394 (citing *Dalin v. Dalin*, 545 N.W.2d 785, 789 (N.D.1996)). Further, the guidelines expressly prohibit an abatement for *temporary* periods in which the child resides with the non-custodial parent. *See* N.D. Admin. Code § 75–02–04.1–02(2); *Edwards*, at ¶ 15. Under N.D.C.C. § 14–08.1–05, a due and unpaid child support payment becomes a judgment as a matter of law. *Darling v. Gosselin*, 1999 ND 8, ¶ 7, 589 N.W.2d 192.

■ [¶ 8] A court has continuing jurisdiction to modify child support. *Steffes v. Steffes*, 1997 ND 49, ¶ 14, 560 N.W.2d 888. A vested child support obligation, however, cannot be retroactively modified. *Id.; Brakke v. Brakke*, 525 N.W.2d 687, 690 (N.D.1994); *see also* N.D.C.C. § 14–08.1–05(1)(c) (stating due and unpaid child support not subject to retroactive modification). When a court forgives past due child support obligations, it has modified a child support order. *Morton County Soc. Serv. Bd. v. Hakanson*, 2003 ND 78, ¶ 7, 660 N.W.2d 599 (citing *Koch v. Williams*, 456 N.W.2d 299, 301–02 (N.D.1990)). Generally, a modification of child support should be made effective from the date of the motion to modify, absent good reason to set some other date, and the "court retains discretion to set some *later effec-*

*tive date*, but its reasons for doing so should be apparent or explained." *Geinert v. Geinert*, 2002 ND 135, ¶ 10, 649 N.W.2d 237 (emphasis added).

[¶ 9] Here, the district court specifically denied Derle Marchus's motion to modify custody and for back child support based upon his failure to bring the motion promptly. In fact, the child turned eighteen in November 2002, the same month in which Derle Marchus initially attempted to bring his motion in Burleigh County. The court nevertheless determined that Gerri Marchus ceased to be the custodial parent when the child moved out of her home in January 2001, and vacated Derle Marchus's child support obligation effective January 2001. The court effectively reduced Derle Marchus's obligation to zero and made the order retroactive to January 2001. By setting the effective date of the order modifying Derle Marchus's child support obligation to a date before he made his motion to modify, the court made an impermissible retroactive modification of his child support obligation. We conclude the court misapplied the law in setting the effective date for the modification and therefore abused its discretion.

[¶ 10] We also agree with Gerri Marchus that this case is not governed by *Brakke v. Brakke*, 525 N.W.2d 687 (N.D. 1994). In *Brakke*, this Court recognized a narrow departure from the rule of no retroactive modification of child support obligations. *See Brakke*, at 690. In *Krizan v. Krizan*, 1998 ND 186, ¶ 11, 585 N.W.2d 576, we succinctly summarized our decision in *Brakke*:

Brakke involved an agreement by both parents to change custody of their daughter for an extended period of time. Following this change, the father requested retroactive relief from his child support payments under a prior judgment. We concluded Rule 60(b)(vi),

N.D.R.Civ.P., could be applied to relieve the father from his child support obligations back to the date he became the child's custodial parent. However, in retroactively invalidating Mr. Brakke's support payments, we clearly stated this decision was not a retraction from our position that "vested support rights cannot be retroactively modified." Thus, application of *Brakke* is limited to cases where both parties agree to an actual change in custody for an extended period of time.

In *Krizan*, we held that unlike *Brakke*, there was not an agreement to change custody, but instead only an agreement to increase visitation upon the recommendation or advice of a counselor. *Krizan*, at ¶ 12. We said an agreement to extend visitation is not the same as an agreement to change custody. *Id.*

[¶ 11] This Court's decision in *Brakke* is distinguishable. Here, there was no express agreement between Gerri Marchus and Derle Marchus for an actual change in custody for an extended period of time. It is undisputed that when the youngest daughter went to live with Derle Marchus, neither party contemplated or agreed to a change of custody of the child for an extended period of time. In her appellate brief, Gerri Marchus stated she anticipated the youngest daughter's return to her home and asserts, "[S]he knew that after the newness of the move wore off and reality set [in] that [the child] would not like living with Derle or be cared for properly by Derle." Further, during oral argument to this court, Derle Marchus also conceded that there was no agreement between Gerri Marchus and him to change custody. There was in fact no actual change of custody for an extended period of time. The district court found the youngest daughter lived with Derle Marchus for approximately four to six months, which can not be characterized as an extended period of time. The court also found the child thereafter lived with other family members. Although the youngest daughter was not actually living with the custodial parent, this fact alone does not permit Derle Marchus as the non-custodial parent to be relieved of his past child support obligation once the amounts had already accrued.

[¶ 12] Also, unlike *Brakke*, when Derle Marchus did ultimately bring his motion to amend the judgment, it was brought under N.D.R.Ct. 3.2. Derle Marchus did not request relief from judgment under N.D.R.Civ.P. 60(b). We therefore conclude *Brakke* is not controlling. By forgiving Derle Marchus's past due child support obligation effective January 2001, the district court retroactively modified his child support obligation. We reverse the district court's order vacating Derle Marchus's obligation effective January 2001.

[¶ 13] Without citation to any relevant authority, Gerri Marchus also requests an award of attorney's fees and costs for this appeal. We conclude she is not entitled to attorney fees, and we deny her request.

### III

[¶ 14] The district court order is reversed.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.