# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 154

Tim Hamburger,                                          Plaintiff and Appellant

     v.

Kimberly Hamburger,                                    Defendant and Appellee

## No. 20220051

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Dennis W. Lindquist, Dickinson, N.D., for plaintiff and appellant; submitted on brief.

Jami L. Haynes, Dickinson, N.D., for defendant and appellee; submitted on brief.

**Hamburger v. Hamburger**
**No. 20220051**

**Tufte, Justice.**

[¶1]   Tim Hamburger appeals from an order denying his motions for relief from the divorce judgment and to amend his motion for relief. He argues the district court erred by finding there was no agreement or acquiescence to a change of residential responsibility, denying him an award of child support, denying him an evidentiary hearing, and failing to award him attorney's fees. We affirm the order.

I

[¶2]   Tim and Kimberly Hamburger are the parents of T.L.H., who was born in 2003. The parties divorced in 2017, and the district court awarded Kimberly Hamburger primary residential responsibility of T.L.H. and ordered Tim Hamburger to pay child support. In September 2019, Roughrider North Human Services Zone removed T.L.H. from Kimberly Hamburger's care and placed the child with Tim Hamburger. T.L.H. resided with Tim Hamburger until June 2021, at which point T.L.H. attended basic combat training. Upon completion of basic training, T.L.H. moved into his own apartment. T.L.H. turned eighteen years old in November 2021.

[¶3]   In July 2020, after T.L.H. had lived with Tim Hamburger for approximately 10 months, Tim Hamburger moved to stay his child support obligation. The district court granted the stay effective August 2020 and ordered Kimberly Hamburger to repay any child support dating back to August 2020.

[¶4]   In May 2021, Tim Hamburger moved for relief from the judgment to award him primary residential responsibility of T.L.H. and establish a child support obligation for Kimberly Hamburger. In November 2021, Tim Hamburger moved to amend his motion to include back child support dating back to when T.L.H. moved in with him. Tim Hamburger abandoned his claim for primary residential responsibility, and the sole issue that remained was child support. After a hearing, the district court denied the motion to amend,

1

concluding denial was in the interest of justice and the amendment would be futile. The court also denied the motion for relief from the judgment, finding all the issues were either resolved or moot, and cancelled the evidentiary hearing.

## II

[¶5]   Under N.D.R.Civ.P. 60(b), a court may relieve a party from a final judgment. The court's decision to deny relief will not be overturned on appeal absent an abuse of discretion. *Krizan v. Krizan*, 1998 ND 186, ¶ 13, 585 N.W.2d 576. Under N.D.R.Civ.P. 15(a)(2), a party may amend its pleading with the court's leave. "A district court has wide discretion in deciding matters relating to amending pleadings after the time for an amendment as a matter of course has passed." *Darby v. Swenson Inc.*, 2009 ND 103, ¶ 11, 767 N.W.2d 147. We will not reverse a court's denial of a motion to amend unless it abused its discretion. *Id.* The court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* at ¶ 12.

## III

### A

[¶6]   Tim Hamburger argues Kimberly Hamburger agreed or acquiesced to a change in residential responsibility, retroactively terminating his child support obligation and retroactively establishing a child support obligation for Kimberly Hamburger from when T.L.H. began residing with him in September 2019.

[¶7]   "A court has continuing jurisdiction to modify child support." *Marchus v. Marchus*, 2006 ND 81, ¶ 8, 712 N.W.2d 636. "A vested child support obligation, however, cannot be retroactively modified." *Id.*; *see also* N.D.C.C. § 14-08.1-05(1)(c). Thus, when a court forgives past due child support obligations, it has modified a child support order. *Marchus*, at ¶ 8. "Generally, a modification of child support should be made effective from the date of the motion to modify, absent good reason to set some other date." *Id.*

2

[¶8]   In *Brakke v. Brakke*, 525 N.W.2d 687 (N.D. 1994), "this Court recognized a narrow departure from the rule of no retroactive modification of child support obligations." *Marchus*, 2006 ND 81, ¶ 10. We have previously summarized the *Brakke* decision:

> Brakke involved an agreement by both parents to change custody of their daughter for an extended period of time. Following this change, the father requested retroactive relief from his child support payments under a prior judgment. We concluded Rule 60(b)(vi), N.D.R.Civ.P., could be applied to relieve the father from his child support obligations back to the date he became the child's custodial parent. However, in retroactively invalidating Mr. Brakke's support payments, we clearly stated this decision was not a retraction from our position that "vested support rights cannot be retroactively modified." Thus, application of Brakke is limited to cases where both parties agree to an actual change in custody for an extended period of time.

*Marchus*, at ¶ 10; *see also Brakke*, at 690. In addition to the requirement that the change of custody be for a "long duration, a prompt motion to modify should be made." *Brakke*, at 690. In *Brakke*, the Court excused the father's delay in making his motion because the delay was at the mother's request. *Id*. "Further, the guidelines expressly prohibit an abatement for *temporary* periods in which the child resides with the non-custodial parent." *Marchus*, at ¶ 7 (citing N.D. Admin. Code § 75-02-04.1-02(2)).

[¶9]   Tim Hamburger asserts that Kimberly Hamburger agreed or acquiesced to a change in residential responsibility, satisfying the exception in *Brakke*. For support, he cites Kimberly Hamburger's brief in response to his motion for change of residential responsibility, which states that she "did not object to a change in residential responsibility." Kimberly Hamburger argues that although she initially did not object to a change in residential responsibility, the circumstances changed, including T.L.H. enlisting in the National Guard, attending basic training, and moving into his own apartment.

[¶10] No stipulation or agreement was filed with the district court. Further, this case is different from *Brakke* in that Tim Hamburger did not provide any excusable reason for the delay in moving to modify primary residential

3

responsibility, which did not occur until May 2021 (20 months after T.L.H. began residing with him). Thus, we conclude the court did not err by refusing to retroactively terminate Tim Hamburger's child support obligation or recognize an obligation by Kimberly Hamburger.

B

[¶11] Alternatively, Tim Hamburger contends he is due back child support because he became the parent with primary residential responsibility by operation of law when T.L.H. began residing with him. He cites the definition in N.D. Admin. Code § 75-02-04.1-01(9), which provides, "'Parent with primary residential responsibility' means a parent who acts as the primary caregiver on a regular basis for a proportion of time greater than the obligor, regardless of descriptions such as 'shared' or 'joint' parental rights and responsibilities given in relevant judgments, decrees, or orders." Tim Hamburger does not provide any further supporting authority for the proposition that this definition overrides the court's determination of primary residential responsibility in the judgment. This definition explains that labels such as "shared" or "joint" in describing a party's parental rights and responsibilities in a judgment are not determinative. However, the divorce judgment unambiguously states that Kimberly Hamburger is awarded primary residential responsibility of T.L.H. Tim Hamburger does not argue otherwise and admits he abandoned his request to modify primary residential responsibility in the district court. Thus, we conclude the definition of "[p]arent with primary residential responsibility" in N.D. Admin. Code § 75-02-04.1-01(9) does not override the court's determination of primary residential responsibility as stated in an unambiguous judgment.

C

[¶12] Tim Hamburger asserts he is due back child support under N.D.C.C. § 14-08.1-01, which provides:

> A person legally responsible for the support of a child under the age of eighteen years *who is not subject to any subsisting court order for the support of the child* and who fails to provide support, subsistence, education, or other necessary care for the child,

4

regardless of whether the child is not or was not in destitute circumstances, is liable for the reasonable value of physical and custodial care or support which has been furnished to the child by any person . . . .

(Emphasis added.) Tim Hamburger argues he is due back child support for his support and care of T.L.H. while he resided with him. However, this statute, by its plain language, does not apply in the case of a judgment providing the obligations of the parties in supporting their minor child, such as here. *See also Hagel v. Hagel*, 2006 ND 181, ¶ 6, 721 N.W.2d 1 (noting N.D.C.C. § 14-08.1-01 governs when there is no court-ordered child support).

D

[¶13] Tim Hamburger contends the district court erred by denying him child support for the period from when he moved for primary residential responsibility in May 2021 to when T.L.H. moved into his own apartment in September 2021. However, at no point in time was Tim Hamburger awarded primary residential responsibility, and he ultimately abandoned his request to modify residential responsibility in the district court. "[T]he child support guidelines contemplate child support payments by the parent without primary residential responsibility to the parent with primary residential responsibility." *Crandall v. Crandall*, 2011 ND 136, ¶ 10, 799 N.W.2d 388. This is not the case of a party seeking reimbursement of expenses against a parent where no judgment delineates the parent's obligation under N.D.C.C. § 14-08.1-01. Thus, we conclude the court did not err in denying Tim Hamburger child support from May to September 2021.

IV

[¶14] Tim Hamburger states the district court erred by denying him an evidentiary hearing. He does not support his statement with any law or argument. We conclude he waived this issue on appeal. *See Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 11, 688 N.W.2d 167 ("[A] party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit.").

## V

[¶15] Tim Hamburger argues the district court erred by failing to award him attorney's fees.

[¶16] "Generally, this Court applies the 'American Rule,' which requires parties to bear their own attorney's fees unless the fees are expressly authorized by statute." *Lizakowski v. Lizakowski*, 2017 ND 91, ¶ 25, 893 N.W.2d 508. Tim Hamburger cites to one statute authorizing attorney's fees, N.D.C.C. § 14-09-29(4), which provides,

> In any proceeding dealing with parental rights and responsibilities in which a parent is found to have perpetrated domestic violence, and there exists one incident of domestic violence which resulted in serious bodily injury . . . all court costs, attorney's fees . . . must be paid by the perpetrator of the domestic violence unless those costs would place an undue financial hardship on that parent.

[¶17] Tim Hamburger does not direct us to any finding that Kimberly Hamburger has perpetrated domestic violence. Although the record contains a criminal complaint *charging* Kimberly Hamburger with two counts of domestic violence, the record does not show there has been a finding of domestic violence by the court or any factfinder. Accordingly, Tim Hamburger was not entitled to attorney's fees.

## VI

[¶18] The parties' remaining arguments are either unnecessary to our decision or without merit. The order is affirmed.

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte